47 So.2d 786 (1950)
BOWDEN
v.
SEABOARD AIR LINE R.R. CO.
Supreme Court of Florida, en Banc.
July 25, 1950.
Rehearing Denied September 26, 1950.
Pringle & Pringle, Leesburg, for appellant.
C.E. Duncan, Tavares, and C.R. Scott, Jacksonville, for appellee.
HOBSON, Justice.
The appellant (plaintiff below) filed his bill for declaratory decree on the 23d of November, 1948. The prayer of the bill requested the court to take jurisdiction of the subject matter and the parties and enter its declaratory decree under and by virtue of Section 87.01 and sub-sections, Florida Statutes, 1941, F.S.A. and further that the court determine:
"A. The extend [sic] of defendant's right-of-way south of the center line of its main line tract.
"B. The respective rights and interests of plaintiff and defendant as regards all of Lots 19, 20, 21 and 22 according to L.B. Lee's Addition to Leesburg, Florida, which lie south of the right-of-way of the defendant.
"C. If in accordance with the Court's finding under subdivision A and B above, that the Court enter its order and decree, requiring the defendant to vacate and remove all its encroachments from the land found to be the property of the plaintiff, and enjoining the defendant from interfering with plaintiff's possession, use and occupancy of said land in the future."
The appellee (defendant below) filed its motion to dismiss the bill on January 3, 1949. The Chancellor, Honorable F.R. Hocker, entered an order on the 14th day of March, 1949, dismissing the bill. This order amounted to a final decree in favor of the appellee because the privilege of amendment was not granted to the appellant. The order recited that the plaintiff (appellant here) announced that he did not desire to amend the bill. From said order this appeal was prosecuted.
Appellant alleged in his bill that he purchased lots 19, 20, 21 and 22 according to *787 the plat of L.B. Lee's Addition to the City of Leesburg on July 7, 1941; that the appellee, or its predecessor on April 27, 1882 acquired by an appropriate conveyance a right-of-way for railroad purposes across the lands which were later subdivided and became lots 19, 20, 21 and 22 of L.B. Lee's Addition to the City of Leesburg; that said right-of-way deed conveyed a right-of-way 50 feet wide, measured at right angles and on each side of the center line of the railroad tract; that appellant claims the right of possession to all of said lots 19, 20, 21 and 22 of L.B. Lee's Subdivision, which lie south of the right-of-way of the Seaboard Airline Railway; that by reason of the right-of-way deed the appellee claims a right-of-way 100 feet wide measured at right angles to and on each side of the center line of the main line of said railway, while appellant contends that appellee is entitled to a right-of-way 50 feet wide measured 25 feet on each side of the center line of the present main line of the railroad; that in addition to the appellee claiming a right-of-way 100 feet wide as aforesaid, it has constructed a warehouse south of its main line, on lot 19, one of the lots above described, which extends even beyond its claim of right-of-way of 50 feet south of the center line of its main line railroad.
Apparently appellant is in doubt as to the exact width of the railroad's right-of-way. This doubt arises by virtue of the language used in describing the right-of-way which was conveyed to the appellee or its predecessor by the deed executed on the 27th day of April, 1882. When boiled down to its essence, it is crystal clear that in and by his bill for declaratory decree appellant seeks construction of an instrument to which he was not a party and by virtue of which he, therefore, has never had any rights which could be declared thereunder. It is also patent that the real purpose of the bill is an attempt, under the guise of a right to construction of a deed, to use the Declaratory Decree Statute in lieu of an ejectment suit. In his reply brief, appellant in effect admits that such was his objective, for he concedes that he "does not claim under the instrument" which he desires to have construed, "but claims in opposition to it." Nevertheless he insists that he is entitled to a declaration of his rights under said deed (which admittedly are nonexistent) and to a decree dispossessing appellee. Obviously, ejectment is his proper remedy. If a bona fide basis for invocation of jurisdiction under our present Declaratory Decree Statute should exist the Court might proceed to determine issues which otherwise, standing alone, would be the subject of some other long established and well recognized procedure. However, we cannot permit an unauthorized extension of the Declaratory Decree Statute to a point where it might be substituted for another normally appropriate action in the absence of a bona fide foundation for a declaratory decree as contemplated by Sec. 87, Florida Statutes, 1941, F.S.A.
Section 87.02, Florida Statutes, 1941, F.S.A. (Power to construe, etc.) provides: "Any person claiming to be interested or who may be in doubt as to his rights under a deed, will, contract or other article, memorandum or instrument in writing or whose rights, status or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance, contract, deed, will, franchise, or other article, memorandum or instrument in writing may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance, contract, deed, will, franchise, or other article, memorandum, or instrument in writing, or any part thereof, and obtain a declaration of rights, status or other equitable or legal relations thereunder." (Emphasis supplied.)
Although our Declaratory Decree Act is broad in its scope and should be liberally construed in order to effectuate its purpose, it was never intended that it should supplant all other types of civil procedure known to our jurisprudence. In order to invoke jurisdiction under the provisions of the Declaratory Decree Statute for the purpose of having the court construe any instrument, it is essential that the movant allege facts which show that he is in doubt concerning his rights under said instrument *788  not that he has clear or definite rights under another and different instrument which might conflict with rights of some other person under the instrument sought to be construed.
In the case of Sheldon v. Powell, 99 Fla. 782, 128 So. 258, 262, in speaking of the Declaratory Decree Statute, we said: "It is inhibitory of injury. `Within the sphere of anticipatory and preventive justice its use should be extended, its scope kept wide and liberal, and its boundaries elastic. But it does not fit every occasion and it does not call for the scrapping of the balance of the system of remedies and actions.'"
In the later case of Ready v. Safeway Rock Company, 157 Fla. 27, 24 So.2d 808, 809, we stated: "The act in effect prior to the present act was chapter 7857, Acts of 1919, section 62.09, Florida Statutes of 1941 [F.S.A.]. It was limited in scope and provided merely that any one interested under a deed, will, contract in writing or other instrument in writing may file a bill in equity for the determination of any question of construction arising under the instrument, and for a declaration of rights of the person interested. That act was construed in Sheldon v. Powell, 99 Fla. 782, 128 So. 258. What we then said applies in the main to the present act except that there are phases of the present act that were not involved in that case. The circuit courts are not only clothed with jurisdiction to hear and enter declaratory decrees as required by the act, but they are also clothed with discretion to determine whether or not the moving party states a case sufficient to motivate jurisdiction as measured by the test defined in this opinion." (Italics supplied.)
In the exercise of his sound judicial discretion, the learned Chancellor dismissed the bill for declaratory decree. No abuse of such prerogative has been clearly demonstrated.
We hold that appellant failed to allege facts in his bill for declaratory decree which justify invocation of jurisdiction of the Circuit Court of Lake County under the provisions of Section 87, Florida Statutes, 1941, and that there was no abuse of discretion on the part of the Chancellor in entering the order of dismissal.
Affirmed.
ADAMS, C.J., and TERRELL, THOMAS and ROBERTS, JJ., concur.
CHAPMAN, J., and TAYLOR, Associate Justice, dissent.