THOMAS, Justice.
The appellees sought a declaratory decree construing certain statutes, and after a motion to dismiss had been denied and an answer had been filed, the parties agreed that the litigation should be determined on a motion for summary final decree inasmuch as the sole issue in dispute was one of law. The chancellor disposed of the case in that manner.
We do not feel obliged to detail the facts set out in the bill because we are convinced that it should have been dis *509 missed for want of allegations which would invoke the procedure outlined in Chapter 87, Florida Statutes 1951, and F.S.A., relative to declaratory decrees.
In brief, the appellees alleged that they were denied a certificate of occupancy as a basis for a license to sell intoxicating liquors at a place located outside the city limits of Miami and that the certificate was withheld because the proposed location was within the prohibited distance of a school and two churches. They contended in their bill that by the operation of pertinent statutes and, incidentally, an ordinance of the city of Miami they were entitled to the certificate for which they had applied. But one feature stands out, and that is that they expressed no doubt of their rights or privileges but, on the contrary, asserted with confidence that under the statutes they cited, they were entitled to the certificate which would open the way for a license from the beverage department. They asked for no relief save a construction of relevant law, the following being the entire prayer appearing at the conclusion of the bill: “Petitioners seek a Declaratory Decree construing the Statutes involved in this case, pursuant to Chapter 87, F.S.A.” Despite the limited prayer the chancellor, after decreeing that the appellees were entitled to the certificate, granted what appears as coercive relief by stating that the appellant was “under a duty to issue the same and the latter [respondent] is hereby so required.”
The motion of the appellant to dismiss contained the ground, among others, that the petitioners were asking “under guise of a declaratory proceeding, relief which is properly obtainable only by mandamus.” The denial of the motion was assigned as error and in its brief the appellant presented and argued its challenge of the propriety of the decision. The appellees chose, in reply, to dismiss the matter with the simple statement that the “contention that a proceeding for a Declaratory Decree is not proper is answered by their own Brief, wherein they admit the problem as to the applicability of statutes governing the mode of exercise of powers granted by the Legislature to the County.”
We have held that despite the broad scope given by the act to proceedings for declaratory decrees, it was not intended that such proceedings should take the place of other recognized types of actions and that in order to bring its provisions into play, it is necessary that the litigant resorting to it aver facts showing that he is in doubt concerning his rights. Bowden v. Seaboard Air Line R. R. Co., Fla., 47 So.2d 786. In another decision, Halpert v. Oleksy, Fla., 65 So.2d 762, 764, this Court ruled that Section 87.02 should not be construed alone but should be considered with all other sections of Chapter 87, supra, and that if a genuine doubt exists, the chapter “is activated and then — and only then — may the other sections, including * * * 87.11, F.S.A. apply.”
To reiterate, we find an expression of doubt totally wanting and because of this omission and the abbreviated nature of the prayer for relief we conclude, in harmony with these decisions, that the decree should be reversed and that the bill should be dismissed.
Reversed.
DREW, C. J., and TERRELL and HOB-SON, JJ., concur.
THORNAL, J., concurs only in judgment of reversal.
MURPHREE, Associate Justice, dissents.
ROBERTS, J., not participating.