84 So.2d 567 (1956)
FLORIDA HOTEL AND RESTAURANT COMMISSION and Richard Edgerton, as and constituting the Florida Hotel and Restaurant Commission, Petitioners,
v.
MARSEILLES HOTEL CO., a Florida corporation, Respondent.
Supreme Court of Florida. Special Division B.
January 4, 1956.
*568 Richard W. Ervin, Atty. Gen., James L. Graham, Jr., Asst. Atty. Gen., and Edward J. Nelson, Sp. Asst. Atty. Gen., for petitioners.
Alexander S. Gordon, Ader & Young and Rivkind & Marger, Miami Beach, for respondent.
ROBERTS, Justice.
We here review on certiorari an order of the lower court denying a motion to dismiss a complaint for a declaratory decree and injunctive relief filed in the lower court by the Marseilles Hotel Co., respondent here and plaintiff below. The facts are, briefly, as follows: One Herman L. Berr, an employee of the Marseilles Hotel, was arrested for allegedly taking bets on the hotel premises and has been charged with a violation of our gambling laws. The Florida Hotel and Restaurant Commission, petitioner here and defendant below, then initiated proceedings against the Hotel under Section 511.051, Fla. Stat. 1953, F.S.A., to revoke the Hotel's license on various grounds, including a charge that the Hotel "did knowingly give space in said hotel for gambling purposes, in that one Herman L. Berr, an employee of said hotel, was knowingly permitted and suffered to take bets and wagers" on the Hotel premises. The Hotel filed the instant suit, labelled a "Complaint for Declaratory Decree, Injunction and other Relief", to enjoin the Commission from holding a hearing on its Rule to Show Cause issued against the Hotel, basing its right to such relief on the fact that Berr had advised its counsel that, at such hearing, he would refuse to testify as to the Hotel's knowledge of his gambling activities under a plea of self-incrimination and alleging that to have the *569 hearing without the testimony of such witness would deny to it due process of law. The lower court granted a temporary injunction and denied the Commission's motion to dismiss the complaint. It is this order that we review on the Commission's petition for the writ of certiorari.
No cases have been cited by counsel for the respondent Hotel in support of his contention that the injunctive processes of the lower court may properly be set in motion in the circumstances here present; and, indeed, we think that none could be found. The provisions for judicial review of an order of revocation of a hotel license provided by the statute, Section 511.05, Fla. Stat. 1953, F.S.A., are adequate to protect the Hotel against a denial of due process of law even if it be assumed, arguendo, that the Hotel would be denied this constitutional guaranty if compelled to defend the Rule to Show Cause without the testimony of Berr.
Nor can the Hotel gain admittance into our equity court via the "declaratory relief" route. To be entitled to such relief, the moving party must show a doubt as to the existence or nonexistence of some right, status, immunity, power or privilege. Bryant v. Gray, Fla., 1954, 70 So.2d 581. No such doubt is alleged, and it is clear that the real and only purpose of the suit was to enjoin the hearing on the Rule to Show Cause. This court "cannot permit an unauthorized extension of the Declaratory Decree Statute to a point where it might be substituted for another normally appropriate action in the absence of a bona fide foundation for a declaratory decree as contemplated by Sec. 87, Florida Statutes, 1941, F.S.A." Bowden v. Seaboard Air Line R. Co., Fla. 1950, 47 So.2d 786, 787.
We hold, then, that no cause of action for injunctive or declaratory relief was stated and that it was error to deny the Commission's motion to dismiss the complaint.
Certiorari is granted and the order denying the motion to dismiss is quashed, with directions to dismiss the complaint.
DREW, C.J., THORNAL, J., and CRAWFORD, Associate Justice, concur.