HORTON, Chief Judge.
The appellee Bernay brought an action for declaratory relief for himself and on behalf of all residents of an area known as East View Manor in Dade County, Florida, seeking a determination as to the validity of certain prior decrees which incorporated by annexation the area in question into the City of North Miami Beach. The complaint sought injunctive relief against the City from levying and collecting ad valorem and other taxes in the event the court found that the decrees annexing the property were invalid. The basis for the alleged invalidity of the annexation decrees was the failure by the City of North Miami Beach to comply with certain conditions precedent contained in Chapter *30111, Laws of Florida, 1955. The complaint also contains allegations that both the City of North Miami Beach and Dade County had been and were exercising or attempting to exercise jurisdiction over the property known as East View Manor. The City of North Miami Beach moved to dismiss the complaint and upon hearing, the court denied the motion. Petition for rehearing directed to the court’s order denying the motion to dismiss was likewise denied and this interlocutory appeal followed,
The pivotal point of this appeal is whether or not declaratory decree proceedings may be employed to determine the validity and legal effect of prior annexation decrees from which no appeals were taken.
The appellant contends that quo warranto is the proper as well as the exclusive remedy available to determine whether property subject to municipal jurisdiction has been validly and legally annexed and that in no event may the declaratory decree proceedings be employed for this purpose. It appears in this instance that two decrees were entered in chancery proceedings in the Circuit Court of Dade County, Florida, which purported to annex the property in question and bring it within the jurisdiction of the City of North Miami Beach. No appeal was taken from these decrees. In the case of Caldwell v. Losche, Fla.App. 1959, 108 So.2d 295, 296, the District Court of Appeal, Second District, in reversing an interlocutory order denying a motion to dismiss an injunctive proceedings brought by a property owner against the town of Tavares to enjoin it from exercising jurisdiction over the appellee’s land and to have the same excluded from the municipal limits, said:
“The rule is generally recognized and has long been established in Florida jurisprudence that the proper method of seeking, relief where a municipality has undertaken to exercise jurisdiction or control over land should be through a quo warranto proceeding.”
In this instance, although the appellee Bernay alleges and contends in his complaint that he, as well as other property owners in East View Manor, are in doubt as to whether the City of North Miami Beach is validly and legally exercising governmental functions over their property, he nevertheless urges the invalidity of the two prior chancery decrees annexing the property. This does not evidence doubt, but rather an assertion of invalidity and in effect an attempt to collaterally attack a decree valid on its face. This portion of the issue we feel has been laid to rest by the Supreme Court of Florida in Florida Hotel and Restaurant Commission v. Marseilles Hotel Co., Fla. 1956, 84 So.2d 567, 569 where that court said:
“Nor can the Hotel gain admittance into our equity court via the 'declaratory relief' route. To be entitled to such relief, the moving party must show a doubt as to the existence or nonexistence of some right, status, immunity, power or privilege. Bryant v. Gray, Fla.1954, 70 So.2d 581. No such doubt is alleged, and it is clear that the real and only purpose of the suit was to enjoin the hearing on the Rule to Show *865 Cause. This court ‘cannot permit an unauthorized extension of the Declaratory Decree Statute to a point where it might he substituted for another normally appropriate action in the absence of a bona fide foundation for a declaratory decree as contemplated by Sec. 87, Florida Statutes, 1941, F.S.A.’ Bow-den v. Seaboard Air Line R. Co., Fla. 1950, 47 So.2d 786, 787.”
Declaratory decree proceedings cannot be used to obtain a review by a party adversely affected of a judgment or decision where provision is made by law for a review by appeal of such judgment or decision. It is obvious from reading the appellee Bernay’s complaint that he seeks to have reviewed the validity and legal effect of the two chancery decrees which he now contends adversely affect his interest, and proposes to show by extrinsic means that their invalidity was occasioned by the failure of the municipality and others involved to follow an alleged statutory prerequisite. This, we conclude, is an attempt to review the decrees by collateral proceedings where admittedly no review by appeal was taken, although such procedures were available. See Frix v. Beck, Fla.App. 1958, 104 So.2d 81, and also 16 Am.Jur., Declaratory Judgments, § 23, pp. 295-96.
Concluding as we have that the ap-pellee’s attempts to have reviewed prior decrees, under the guise of a determination of rights pursuant to the declaratory decree statute, would circumvent the orderly processes provided by law, the chancellor should have granted the appellant’s motion and dismissed the complaint.
Accordingly, the order appealed from is reversed, with directions that the bill of complaint be dismissed.
Reversed with directions.
PEARSON and CARROLL, CHAS., JJ., concur.