HORTON, Chief Judge.
The appellant was the plaintiff below and brought an action for declaratory decree and other relief in which he alleged that he had been refused a permit to carry a gun by the Board of County Commissioners of Dade County, notwithstanding that his work as a security patrolman required that he carry a gun in the performance of his duties; that he had applied for and had complied with all the legal requirements necessary for obtaining a permit and that the permit had been recommended at one time by the county manager but subsequently withdrawn. Upon the basis of the withdrawal of recommendation, the county commission refused to grant the permit. The appellant’s complaint further charged that for reasons unknown to him, he had been denied a permit without having been afforded an opportunity to reply to such grounds, if any, which occasioned the denial. The complaint prayed for relief requiring the commission to issue him a gun permit. The appellee county moved to dismiss the complaint on the ground that it failed to state a cause of action. The chancellor sustained the motion and entered an order of dismissal which, inter alia, stated that it was “without prejudice to the right of the plaintiff to seek relief by way of mandamus action or such other action which may be available to the plaintiff.” The appellant seeks a reversal of this order.
The appellant’s brief and argument before this court are directed primarily to the fact that mandamus is not the proper remedy to test the right of the' county commission to deny him a gun permit. On the other hand, the appellee contends that the action of the Board of County Commissioners, being of a quasi-judicial character, was subject to appellate review under the provisions of Florida Appellate Rule 4.1, 31 F.S.A.
We have carefully studied the allegations of the appellant’s complaint and fail to find wherein he alleges a doubt as to the existence or non-existence of any im *468 munity, power, privilege or right; nor does he allegedly claim a right under any instrument in writing in which his rights may be in doubt or any right or status, either equitable or legal, affected by any statute, regulation, ordinance or otherwise which would require a judicial determination as a condition precedent to the existence or establishment of such rights. City of North Miami Beach v. Bernay, Fla.App.1960, 117 So.2d 863; §§ 87.01 and 87.02, Fla.Stat., F.S.A. See Frix v. Beck, Fla.App.1958, 104 So.2d 81; Hotel and Restaurant Commission v. Zucker, Fla.App.1959, 116 So.2d 642.
Concluding as we have that the learned chancellor was eminently correct in the conclusion reached, it follows that the order appealed should be affirmed; however such affirmance is without prejudice to such other remedies as are available to the appellant to seek appropriate review of the actions of the appellee commission.
Affirmed.
CARROLL, CHAS., J., concurs.
PEARSON, J., concurs specially.