CARROLL, DONALD K, Judge.
The plaintiffs in a suit for declaratory and injunctive relief have appealed from an order and final decree entered by the Circuit Court for Duval County, dismissing their amended complaint and their cause with prejudice.
*907 The basic question presented for our determination in this appeal is whether the plaintiffs’ said amended complaint states a claim for relief under the applicable rules and, hence, whether the Circuit Court correctly granted the defendants’ motion to dismiss the said complaint on the ground that it failed to state such a claim.
Briefly stated, the essential allegations of the plaintiffs’ amended complaint are as follows: That the plaintiffs, both Florida corporations, own approximately 295 acres of land situated in Duval County and within the limits of the defendant City of Atlantic Beach. That the said city, through the defendant tax assessor, had caused the said lands to be assessed for municipal ad valorem taxes in certain amounts for 1962 and 1963, which amounts the plaintiffs had paid under protest to the defendant treasurer and tax collector. That “within the memory of man, as well as at the present time” the said lands “are and were uninhabited, uncultivated, wild, undeveloped rural lands which in their present condition are unsuitable for human habitation or use,” they lie north of the improved and inhabited area of the said city, and they were incorporated into the city under a law enacted in 1959. That the said city has never been, and is not now, in a position “to furnish any municipal services or benefits so as to entitle said defendant municipality to exercise its power to assess and to tax said properties and that there is not presently existing a reasonable expectation that said defendant municipality would, within a reasonably foreseeable future, be in a position to furnish any municipal benefits or services in connection with said properties so as to enable said municipality to exercise its power to assess and to tax said properties.” That, therefore, such assessment and taxation are illegal, unconstitutional, and void as constituting a deprivation of the plaintiffs’ property without due process of law and without payment of compensation therefor, and in excess of the legal powers of the defendant city.
In the conclusion of their amended com-, plaint the plaintiffs state that, under the above allegations, there presently exists between the plaintiffs and the defendants a bona fide justiciable controversy, and that, pursuant to Chapter 87, Florida Statutes, F.S.A., the plaintiffs are entitled to a declaratory decree with reference te» the matters set forth in their said complaint.
Among the prayers in their amended complaint, .the plaintiffs pray that the court declare the rights of the parties concerning the matters alleged in the said complaint and declare that the said assessment and taxation are illegal, unconstitutional, and void. The plaintiffs also pray for various forms of injunctive relief against the defendants with regard to the said assessment and taxation.
To the foregoing amended complaint the defendants duly filed a motion to dismiss on the ground that the said complaint fails to state a cause of action against the defendants, or any of them. The said motion was granted by the chancellor in an order of dismissal, which is also appealed from herein, along with the final decree. In the said order the chancellor allowed the plaintiffs 15 days within which to file a second amended complaint, not inconsistent with the reasoning in the -court’s memorandum opinion of even date, and providing that, if such a second amended complaint were not timely filed, the cause would, upon appropriate motion, be dismissed with prejudice. Sixteen days later the chancellor entered the final decree appealed from herein, reciting that the plaintiffs’ counsel had stated to the court that they did not wish to file a second amended complaint as provided for in the said order but desired to seek an appeal from the said order and the final decree, and dismissing the plaintiffs’ cause at their cost.
In the above-described order of dismissal the chancellor states that he is granting therein the defendants’ said motion to dismiss for the reasons set forth in his memo *908 randum opinion, which was filed on the . same date as the said order.
In the said memorandum opinion, the ; chancellor sets forth his views, discusses various judicial authorities, and reaches the conclusions that in their amended com- ’ plaint the plaintiffs are not seeking a declaratory decree hut they desire to have their properties “continue being a part of the Defendant City hut to hear none of the expenses of such City”; and that the plaintiffs have failed to allege therein that their property was wrongfully made a part of the defendant city. The chancellor finally concludes in his said opinion that the plain- ' tiffs have misconceived their remedy and apparently have no desire to invoke the appropriate remedy available to them. The appropriate remedy which the chancellor had in mind is evidently a proceeding in quo warranto. We quite agree with the observation that the plaintiffs in their amended. complaint have not evinced a desire that their said lands be excluded from the limits of the defendant city, but they certainly do evince a strong desire therein that their lands be not taxed to pay for municipal benefits that they cannot receive.
The pivotal determination in this appeal is the decision as to the precise nature of the relief sought by the plaintiffs in their amended complaint. The chancellor, as we read his findings and conclusions in his final decree, apparently considered that the plaintiffs are attempting to oust their lands from the jurisdiction of the defendant and hence should have filed a proceeding in quo warranto. The plaintiffs insist that they seek no such ouster in their said complaint but seek only declaratory and injunctive ’ relief to prevent the collection of municipal taxes illegally imposed upon their lands. The defendants, of course, agree with the chancellor’s above position, but also assert that the plaintiffs fail to allege sufficiently their need for declaratory relief as required by the statutes providing for such relief.
A literal reading of the plaintiffs’ amended complaint strongly supports their position, for they specifically pray therein only for declaratory and injunctive relief and expressly allege that their complaint is filed pursuant to the provisions of Chapter 87, Florida Statutes, F.S.A., which relates to declaratory judgment and decree proceedings.
The key section in the said chapter is Section 87.02, which provides:
“Power to1 construe, etc. — Any person claiming to be interested or who may be in doubt as to his rights under a deed, will, contract or other article, memorandum or instrument in writing or whose rights, status or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance, contract, deed, will, franchise, or other article, memorandum or instrument in writing may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance, contract, deed, will, franchise, or other article, memorandum or instrument in writing, or any part thereof, and obtain a declaration of rights, status or other equitable or legal relations thereunder.”
Section 87.07, Florida Statutes, F.S.A., provides for the granting of further or supplemental relief based on a declaratory judgment, decree, or order, where necessary or proper. Section 87.12 provides in part: “The existence of another adequate remedy shall not preclude a decree, judgment or order for declaratory relief.”
Independent of the above provisions of Chapter 87, the plaintiffs contend that the Circuit Court has jurisdiction of their suit by virtue of an earlier Florida law, now reported as Section 196.01, Florida Statutes, F.S.A., which reads as follows:
“Chancery jurisdiction in tax matters. — Courts of chancery in this state shall have jurisdiction in all cases involving the legality of any tax, assessment or toll, and shall inquire into and *909 determine the legality, equality and validity of the same under the constitution and laws of Florida, and shall render decrees setting aside such tax, assessment or toll, or any part of the same, that shall appear to be contrary to law, provided that the complainant shall in every case tender into court and file with the complaint the full amount of any such tax, assessment or toll which he shall admit to he legal and due by him, or file with the complaint a receipt showing payment of the same prior to the institution of the suit.”
Despite the comprehensive language used in Section 87.02, quoted above, we recognize that the scope of a declaratory decree proceeding is not limitless. As the Supreme Court of Florida said in Bowden v. Seaboard Air Line R. R. Co., 47 So.2d 786 (1950):
“Although our Declaratory Decree Act is broad in its scope and should be liberally construed in order to effectuate its purpose, it was never intended that it should supplant all other types of civil procedure known to our jurisprudence.”
To the same effect see Sheldon v. Powell, 99 Fla. 782, 128 So. 258 (1930), and Dade County v. Rauzin, 81 So.2d 508 (Fla.1955).
In other cases the courts have had occasion to point out that, in order to bring a suit for a declaratory decree under the provisions of Chapter 87, the plaintiff must allege facts that satisfy one of the alternative conditions precedent to such a suit, as set forth in Section 87.02, quoted above. In the said section we find the following three types of persons authorized to file a suit for a declaration of rights: “Any person claiming to be interested or who may be in doubt as to his rights * * * or whose rights, status or other equitable or legal relations are affected by * * *.” See Bowden v. Seaboard Air Line R. R. Co., supra, Halpert v. Oleksy, 65 So.2d 762 (Fla.1953), and Dade County v. Rauzin, supra.
In fact, under rules established in this state, the test of the sufficiency of a complaint for declaratory relief is whether its allegations sufficiently show that the plaintiff is entitled to a declaration of his rights, whether or not such declaration comports with his theories or contentions. We had occasion in Hankins v. Title and Trust Co. of Florida, 169 So.2d 526 (Fla.App.1964), to compare this rule with the rule applicable to the testing of complaints in other proceedings, as follows:
“Under the Florida Rules of Civil Procedure a pleading which sets forth a claim for relief, such as in a complaint, ‘must state a cause of action, and must contain allegations of fact sufficient to show the jurisdiction of the court.’ (Rule 1.8(b), 30 F.S.A.) In actions other than declaratory judgment proceedings, under the just-quoted rule the test of the sufficiency of a complaint is whether, if the factual allegations of the complaint are established by proof or otherwise, the plaintiff will be legally or equitably entitled to the claimed relief against the defendant.
“A different rule, however, uniquely applies in declaratory judgment proceedings. All of the appellate courts of Florida have recognized the rule that in such proceedings the test of the sufficiency of the complaint is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. See Rosenhouse v. 1950 Spring Term Grand Jury, 56 So.2d 445 (Fla.1952), Modernage Furniture Corp. v. Miami Rug Co., 84 So.2d 916 (Fla.1955), North Shore Realty Corp. v. Gallaher, 99 So.2d 255 (Fla.App.1957), Bartholf v. Bartholf, 108 So.2d 905 *910 (Fla.App.1959), Platt v. General Development Corp., 122 So.2d 48 (Fla.App.1960), and Jackson Tom, Inc. v. Carlton, 133 So.2d 752 (Fla.App.1961).”
Applying the appropriate rule to the amended complaint before us, we are of the opinion that the plaintiffs sufficiently allege therein their entitlement, under Chapter 87, to a declaration of their rights, together with such supplemental relief as the court may deem necessary or proper. Those allegations clearly state that the plaintiffs’ rights, in the words of Section 87.02, “are affected * * * by municipal ordinance” and that they pray for a determination as to a “question of construction or validity arising under such * * * municipal ordinance * * The plaintiffs’ allegations also unmistakably show that they are interested in such a declaration and are in genuine doubt as to their said rights. Consequently, under the rule quoted above from our opinion in the Hankins case, the motion to dismiss the amended complaint should have been denied.
In view of this last holding, we need not here decide whether the present suit is maintainable under Section 196.01, Florida Statutes, F.S.A., quoted above, as a suit to declare a tax or assessment illegal, but, by way of pure obiter dictum, we comment that we think this suit was so maintainable.
In further support of our foregoing holding that the Circuit Court had jurisdiction to entertain the present suit, we invoke the provision in Section 6, Article V of the Florida Constitution, F.S.A., relied upon by the plaintiffs, that the circuit courts of this state shall have exclusive original jurisdiction “in all cases involving the legality of any tax, assessment, or toll * *
In view of the rule quoted above from our Hankins decision, laying down the unique test of the validity of a complaint seeking declaratory relief, neither this court nor the Circuit Court has yet been called upon to determine whether, if the plaintiffs prove the allegations of their amended complaint, they will be entitled to the declaratory and injunctive relief which they seek therein. Nevertheless, we deem it appropriate to observe that their allegations do seem to us to present a justiciable issue for the initial determination by the chancellor, based upon the evidence which the parties hereafter may adduce before him. In support of their contentions the plaintiffs have quoted the language from several Florida decisions indicating that a municipality cannot legally tax lands that cannot be furnished municipal services or benefits, although some of those decisions involve ouster proceedings, while the defendants cite other Florida decisions that tend to favor their position. In any event, we emphasize here that in this appeal we should not, and do not, pass upon the merits of this litigation, one way or the other.
For the foregoing reasons the order and final decree appealed from herein must be, and they are, reversed, and this cause is remanded with instructions for further proceedings consistent with the views herein expressed.
Reversed and remanded with directions.
WIGGINTON, Acting C. J., and STUR-GIS, J., concur.