PIERCE, Judge.
This is an appeal by State Farm Mutual Automobile Insurance Company, a corporation, defendant in the Court below, from a summary final judgment in favor of Ronald E. Wallace and Vera Wallace, his wife, plaintiffs below, in a suit brought by plaintiffs upon an automobile policy issued by defendant.
Plaintiffs on March 30, 1967, filed their “Complaint for Declaration of Rights and Declaratory Judgment” in the Hillsborough County Circuit Court, setting forth substantially the following in numbered paragraphs:
1.Plaintiffs were residents of Hills-borough County and defendant was “an insurance carrier”;
2. on March 3, 1966, plaintiff Vera Wallace was a passenger in a 1965 Chevrolet automobile owned and driven by her husband Ronald E. Wallace on Adamo Drive in Tampa near the intersection of 21st Street;
3. at said time and place one Palmer negligently drove his employer’s truck so that it collided with the Wallace automobile, injuring plaintiff Vera Wallace;
4. as a proximate result of Palmer’s negligence, she incurred medical expenses in connection with her injuries;
5. at said time plaintiff Ronald E. Wallace held a liability insurance policy issued by defendant covering the Chevrolet automobile which he was then driving;
6. said insurance policy provided medical payments not to exceed $500 for any one person in a single accident;
7. a second liability insurance policy had been issued by defendant covering a 1959 Renault automobile owned by plaintiffs;
8. the Renault policy contained the same provisions for medical expense payments as in the Chevrolet policy;
9. defendant had paid plaintiffs the coverage under the Chevrolet policy but had denied liability under the Renault policy;
10. plaintiffs were entitled to recover medical expenses from defendant under both policies; and
11. because of defendant’s denial of liability under the Renault policy, plaintiffs were entitled to an attorney’s fee.
The prayers of the complaint were in substance as follows:
1. The Court should take jurisdiction “and declare the status and rights of the plaintiffs against the defendants under said policy”;
(2) “Determine and declare that the defendant is liable” for plaintiffs’ attorney’s fee and costs of the suit; and
*721 (3) “Grant such other relief as would be proper and just, including a judgment against defendant for any sums found to be due said plaintiffs under said policies”.
Defendant moved to dismiss the complaint on the ground that it failed to state a claim for declaratory relief but only “for the recovery of the sum of money on a contract”; and that the amount in controversy as shown on the face of the complaint “was less than the jurisdiction of this Court”. Defendant also moved for judgment on the pleadings because the complaint showed “no genuine issue as to any material fact”.
The motions aforesaid being denied, defendant answered, denying any right of plaintiffs to recover for medical expenses under the Renault policy, and averring that upon that policy recovery was specifically precluded under the clause headed “Exclusion”, which provided, inter alia, that “this insurance does not apply * * * [medical expenses for bodily injury] to any person * * * while occupying * * * any automobile if such vehicle” is other than the Renault automobile.
Plaintiffs and defendant filed respective motions for summary judgment. The facts were established by affidavit of plaintiffs together with their sworn answers to requests for admission by defendant, and without dispute were as hereinbefore narrated. Upon hearing the Court granted the motion of plaintiffs, denied the motion of defendant, and entered judgment in favor of plaintiffs and against defendant in the sum of $500.00, together with Court costs and attorney’s fee. It is from this final order that the instant appeal is taken.
We find it is unnecessary for us to determine whether plaintiffs were entitled to recover for medical expenses, under the Renault policy, because plaintiffs wholly failed to bring themselves within the purview of the declaratory decree statute, and the damages claimed did not otherwise come within the jurisdictional amount cognizable in the Circuit Court.
The Hillsborough County Circuit Court has jurisdiction in actions at law only where the amount claimed is over $1,500. Article V, § 6(3), Constitution of Florida, F.S.A.; chapter 65-1189 Laws of Florida, 1965. The maximum limit of liability for medical expenses specified in the Renault policy was $500 for each person. The Circuit Court obviously had no jurisdiction of the suit as a case for money damages, therefore unless the action could be sustained as one for declaratory judgment it was not maintainable in said Court.
The complaint of plaintiffs lacked the requisite attributes of a petition for declaratory judgment. We have hereinbe-fore delineated the substance of each numbered paragraph of the complaint and.there is no allegation anywhere that plaintiffs are in doubt of their rights to recover medical expenses under the Renault policy or that there was any necessity for construction by the Court of any of the provisions thereof.
In order to actuate jurisdiction under the Declaratory Judgment Act, F.S. § 87.02, F.S.A., the complaint must allege that there is a bona fide dispute between the parties, that the plaintiffs have a justiciable question as to the existence or non-existence of some right, status, immunity, power or privilege, or as to some fact upon which existence of such right, status, etc., does or may depend, that plaintiff is in doubt as to such right, status, etc., and that there is a bona fide, actual, present need for the declaration. Bell v. Associated Independents, Inc., Fla.App.1962, 143 So.2d 904; Ready v. Safeway Rock Co., 1946, 157 Fla. 27, 24 So.2d 808; Lyles v. Dade County, Fla.App.1960, 123 So.2d 466; McNevin v. Baker, Fla.App. 1965, 170 So.2d 66. And more specifically, a complaint brought to determine liability under an automobile accident policy is insufficient to state a cause of action for declaratory relief if it fails to contain allegations as to a doubt or need for construction of a policy or for a determination of its validity. Johnson v. Atlan *722 tic National Insurance Company, Fla.App. 1963, 155 So.2d 886.
The test of sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all, depending upon the existence of the essential factors aforesaid. Rosenhouse v. 1950 Spring Term, etc., Fla.1952, 56 So.2d 445; Hankins v. Title & Trust Co. of Fla., Fla. App.1965, 169 So.2d 526; Ennis v. Warm Mineral Springs, Inc., Fla.App.1967, 203 So.2d 514.
The judgment appealed from is therefore reversed, without prejudice to plaintiffs filing an amended complaint for declaratory relief or filing suit for damages in a Court having jurisdiction of the amount in good faith claimed, as they may be advised.
LILES, C. J., and HOBSON, J., concur.