WIGGINTON, Chief Judge.
Defendants have appealed, and seek reversal of, a summary declaratory judgment holding that appellant Florida Industrial Commission, an administrative agency of this state, is not legally constituted, enjoining it from further considering appellee’s review proceedings pending before it, and staying such proceedings until such time as appellant Commission may be legally constituted.
Appellee filed a claim against her employer under the workmen’s compensation law of this state, asserting that she was injured while in the course of her employment and demanding the benefits afforded her by the act. The deputy commissioner who examined her claim held that appellee was in immediate need of diagnostic procedures consistent with and incident to removal of a herniated disk. The employer’s workmen’s compensation carrier appealed the deputy’s decision to the full Commission, seeking review of the order and contending it to be erroneous.
Appellee claimant then instituted in the Circuit Court of Leon County this action for declaratory judgment, alleging that she is in doubt as to whether her right to a fair and impartial review of her claim by the full Commission as secured to her by the workmen’s compensation act of this state has been rendered impossible or seriously impaired due to the illegal manner in which the Commission is presently constituted.[1] She alleges that such doubt arises because of the fact that two of the three members of the Commission are persons who, on account of their previous vocation, employment, or affiliation are classified as representatives of employers contrary to the mandatory prohibitions of the act under which the Commission is established.
The controlling provision of law on which the decision in this case must turn is as follows:
“ * * * There is created the Florida industrial commission, to consist of the workmen’s compensation division, and such other divisions as may be created by law, and except as otherwise provided the commission shall administer the provisions of this act. The commission shall consist of a chairman and two other members to be appointed by the governor. Not more than one appointee shall be a person who on account of his previous vocation, employment or affiliation shall be classified as a representative of employers, and not more than one such appointee shall be a person who on account of his previous vocation, employment, or affiliation shall be classified as a representative of employees. * * * ”[2]
From the pleadings and affidavits filed in the cause it affirmatively appears without dispute that one member of the Commission, appellant Walter Lightsey, is classified and recognized by the Commission as an employee representative, and that another member, appellant Frank M. Nelson, Jr., is classified and recognized as the employer representative. These two commissioners are holdovers from the previous administration, and continue to serve in the capacities to which they were ap *777 pointed. Upon the advent of the present administration, the third commissioner, appellant Thomas W. Johnston, was appointed to serve as Chairman of the Commission. It is his classification which forms the crux of this controversy, and the decision must rest upon a determination as to whether on account of his previous vocation, employment, or affiliation he must be classified as a matter of law either as a representative of employers, a representative of employees, or whether he comes within neither of these classifications. By the judgment appealed the trial court found and determined that Chairman Johnston, because of his vocation, employment, and affiliation prior to and at the time of his appointment, is classified as a matter of law as an employer representative, thereby causing the Commission as presently constituted to have as its members two employer representatives contrary to the proscriptions of the statute under which the Commission is created.
By their first point on appeal appellants challenge the correctness of the trial court’s order denying their motion to dismiss the complaint. They contend that the complaint fails to allege sufficient facts entitling appellee to a judicial declaration of her rights under F.S. Chapter 87, F.S.A., relating to declaratory judgments.[3] Appellants contend that by her complaint ap-pellee merely seeks legal advice to satisfy the curiosity, fears, and doubts of her attorney, and the only doubt indulged by her is whether she will receive a fair and impartial hearing before the full Commission. Appellants contend these facts do not sufficiently allege a justiciable issue or controversy justifying declaratory relief, and that the court erred in exercising jurisdiction in the cause. With these contentions we are unable to agree.
The workmen’s compensation act has been held to be remedial legislation intended to secure for employees the benefits specified by the act for death or injuries sustained in the course of their employment. The act contemplates that the decisions of the deputy commissioners will be reviewed, when requested, by a Commission of members legally constituted in accordance with the requirements of the act. The legislative scheme contemplates a full Commission balanced equally between representatives of employers and employees, with the third and perhaps controlling vote to be by a member whose past vocation, employment, and affiliation places him in a classification other than as a representative of either employers or employees. The complaint alleges sufficient facts to indicate that appellee entertains bona fide doubts as to whether it is possible for her to secure an impartial review of her claim, a right and privilege secured to her under the workmen’s compensation act, because of the allegedly illegal manner in which the Commission is constituted.[4] Even though there may exist another adequate remedy by which appellee may secure the relief desired, the existence of such remedy will not bar the action.[5]
By their next point appellants challenge the jurisdiction of the judicial branch of government to question the judgment and discretion of the chief executive in his determination that Chairman Johnston is qualified to serve as the third member of the full Commission. Appellants anchor their position on the doctrine of separation of powers between the executive and judicial branches of government.
The undisputed facts reflected by the pleadings and affidavits on file in the cause establish that for the twenty-one- *778 year period of his life immediately preceding his appointment to the office here in question, Chairman Johnston was employed and served in various capacities in the insurance industry. During that time he was employed for the first twelve years as an insurance adjuster in the workmen’s compensation, fire, and casualty fields of insurance. For the next two years he served as a claims examiner and supervisor; for the remaining seven years preceding his appointment to the Commission he was employed by one insurance company as branch claims manager in charge of the office and the personnel employed therein, later serving as home office claims manager administering the claims operation of the entire company, an appreciable percentage of which were in the field of workmen’s compensation insurance. For the last six years of this period, his employment consisted of serving as vice-president of the company with the responsibility for administering the entire claims program of the company as well as discharging other corporate policy making duties in his vice-presidential capacity.
One would indeed be naive to contend that the previous vocation, employment, and affiliation of Mr. Johnston with the insurance industry does not classify him as a matter of law as a representative of employers within the meaning and intent of the statute under which he was appointed. Appellants do not seriously make any such contention. They rest their position upon the proposition that the process of classifying persons for appointment to the Industrial Commission within the framework of the statute is a subjective rather than an objective consideration performed by the chief executive whose judgment and discretion may not be questioned by the judiciary. With this contention we are unable to agree. Although admittedly there is vested in the appointive power a reasonable latitude of discretion in classifying the persons to be appointed as members of the Industrial Commission upon consideration of their respective previous vocations, employment, and affiliations, such discretion is not without limit or restraint. The classification of appointees to the Commission must measure up to minimal legal standards in order to comply with the requirements of the statute. Whether such requirements have been met is subject to judicial review, and if found to be erroneous, appropriate relief may be granted. We do not have for consideration an issue analogous to that involved in State ex rel. Axleroad v. Cone[6] relied on by appellants in which petitioners sought a writ of mandamus to coerce the Governor to perform an executive function in a particular manner. The judgment appealed herein merely restrains the Commission from further considering ap-pellee’s claim until such time as the chief executive of the state appoints a legally constituted Commission in accordance with the requirements of law.
Both in their brief and in oral argument before the court appellants urge that the questions presented by this appeal are moot and, therefore, the judgment appealed should be set aside and held for naught. Such contention arises from the recent enactment by the State Legislature of the Governmental Reorganization Act of 1969 by which the Florida Industrial Commission is transferred to the newly created Department of Commerce and its functions assigned to the Division of Labor and Employment Opportunities. Although the effect of this act is to abolish the Florida Industrial Commission as presently constituted, the act further provides in Section 17(8) thereof that there is created within the Division of Labor and Employment Opportunities an Industrial Relations Commission to consist of the director of the division as chairman and two other members to be appointed by the Governor, not more than one of which appointees shall be a person who on account of his *779 previous vocation, employment, or affiliation shall be classified as a representative of employers, and not more than one shall be a person who on account of his previous vocation, employment, or affiliation shall be classified as a representative of employees. An important distinction is readily apparent between the provisions of this act and the provisions of Section 440.44(2) under which the appellants in the case sub judice were appointed. Under the Governmental Reorganization Act no classification restrictions are placed upon the person serving as the director of the Division of Labor and Employment Opportunities who will act as chairman of the Industrial Relations Commission. The only classification restrictions apply to the two members of the Commission to be appointed by the Governor. Because of the difference between the provisions of the two statutes with which we are dealing, the question presented by this case now before us will perhaps not arise in the future. Nevertheless, it is our view that appellee is entitled to a decision on the merits of this appeal and our holding herein may prove helpful to the executive branch of government in making future appointments to membership on the Industrial Relations Commission. Appellants’ contention that the questions presented by this appeal are moot will therefore be rejected.
Lastly, appellants urge that the pleadings and affidavits on file in the cause create genuine issues of fact which must be' resolved only by trial, and the court erred in summarily disposing of the case by rendition of the judgment appealed. We do not perceive that the material and controlling facts on which the resolution of the issue depends are in dispute or conflicting in any genuine respect. Appellants’ contention must therefore be rejected'.''
Appellants having failed to demonstate error, the judgment appealed is affirmed.
JOHNSON and SPECTOR, JJ., concur.

. F.S. § 86.021, F.S.A.
“Any person claiming to be interested or who may be in doubt about his rights under a deed, will, contract or other article, memorandum or instrument in writing or whose rights, status or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance, contract, deed, will, franchise, or other article, memorandum or instrument in writing may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance, contract, deed, will, franchise, or other article, memorandum or instrument in writing, or any part thereof, and obtain a declaration of rights, status or other equitable or legal relations thereunder.”

. F.S. § 440.44(2), F.S.A.

. Now codified as F.S. Chapter 86, F.S.A.

. R-C-B-S Corp. v. City of Atlantic Beach, (Fla.App.1965) 178 So.2d 906.

.F.S. § 86.111, F.S.A.
“The existence of another adequate remedy does not preclude a judgment for declaratory relief. * * * ”

. State ex rel. Axleroad v. Cone, 137 Fla. 496, 188 So. 93.