## MAYO v. KNIGHT-RIDDER NEWSPAPERS, Inc.

No. 75-14628.

Circuit Court, Dade County.

August 25 and September 8, 1975.

Coleman R. Rosenfield, Fort Lauderdale, for the plaintiff.

Talbot D'Alemberte of Steel, Hector & Davis, Miami, for the defendant.

HAROLD G. FEATHERSTONE, Circuit Judge.

*Order granting defendant's motion to dismiss, August 25, 1975:* This case came before the court on the defendant's motion to dismiss the plaintiff's complaint for declaratory relief.

The complaint seeks to establish the plaintiff's right to assign a newspaper distributor's route which the plaintiff operates under contract with the defendant Miami Herald. After notice to the parties, the court has heard argument and received memoranda and is duly advised in the premises.

The sole question raised by the complaint is whether or not the plaintiff has a right to assign the contract for the newspaper route.

It appears to the court that the complaint does not state a cause of action and should be dismissed for the following reasons —

## I.

*Unless there is a bona fide doubt concerning rights the plaintiff cannot state a claim for declaratory relief.*

This plaintiff has brought this case asserting, in his words, "That the plaintiff has the right to assign his contract with the defendant . . ." The plaintiff has alleged doubt concerning his right and,

of course, the existence of doubt is an essential element in a declaratory judgments action. Bergh v. Canadian Universal Ins. Co., 216 So.2d 436 (Fla. 1968); Columbia Casualty Co. v. Zimmerman, 62 So.2d 338, 340 (Fla. 1953), ("There must be some doubt as to the existence or non-existence of some right . . .") ; New Amsterdam Cas. Co. v. Intercity Supply Corp., 212 So.2d 110 (Fla. App. 4th 1968).

## II.

### *The contract is clear and unambiguous and there is no bona fide allegation of doubt*

**A.** *A specific contract term governs the right of assignment.* In this case, plaintiff cannot state a cause of action for declaratory relief because there is no basis for an allegation of doubt. In this case there is a clear and unambiguous contract term which the court would be required to displace if it accepted the case and ruled with the plaintiff.

That clear contract provision states as follows —

> "B. Newsdealer agrees: . . .

> 10. To perform personally not less than 50% of the duties required by this contract and not to sublease or *assign this contract* . . ." (Emphasis added.)

The plaintiff is thus not seeking a declaration of rights under a contract but a declaration of new rights in total disregard of the contract.

If the plaintiff wants such relief, he must plead a cause of action for rescission or reformation of the contract and may not use the Declaratory Judgments Act to clothe the nakedness of this prayer which clearly seeks to have the court fashion a new contract which would delete the words "the plaintiff cannot assign this contract," substituting the words "the plaintiff *can* assign this contract."

The Declaratory Judgments Act cannot be subverted to substitute for a normally appropriate action. As the Florida Supreme Court said in Bowden v. Seaboard Air Line R. Co., 47 So.2d 787, 788 (Fla. 1950) —

> "Although our Declaratory Decree Act is broad in its scope and should be liberally construed in order to effectuate its purpose, it was never intended that it should supplant all other types of civil procedure known to our jurisprudence."

The *Bowden* case affirmed the dismissal of a declaratory judgments action. Subsequently, other courts have ruled that the Declaratory Judgments Act may not serve as a substitute for the proper cause of action or appellate remedy. Florida Hotel and Restaurant Comm. v. Marseilles Hotel Co., 84 So.2d 567 (Fla. 1956), City of Miami v. Eldredge, 126 So.2d 169 (Fla. App. 3d 1961).

B. This contract is a personal services contract and may not be assigned. The contract between the plaintiff and the Miami Herald (Exhibit 1 to the complaint) is a personal services contract because the plaintiff newsdealer agrees to promptly deliver papers in a dry and readable condition (paragraph B.4 of the contract), to keep the newspaper racks supplied with papers (paragraph B.4 of the contract), and to perform personally not less than fifty percent of the duties required to be performed under the contract (paragraph B.10 of the contract).

There can be no cause of action in the face of the clear contract provision, yet it is also a clear point of Florida law that personal services contracts are not assignable, Clinton Foods, Inc. v. Frozen Foods, Inc. of Miami, 130 F. Supp. 422, 425-26 (D C.S.D. Fla. 1955). As the court stated in Schweiger v. Hoch, 223 So.2d 557 (Fla. App. 4th 1969), at page 558 —

> "Florida is committed to the general law that contracts for personal services, or those involving a relationship of personal confidence, are not assignable by either party unless the contract so provides, or unless the other party consents thereto or ratifies the assignment."

The contract for which the plaintiff seeks a declaratory decree is a personal services contract and it is not subject to assignment. See Williston on Contracts §411, et seq.

Therefore, because the plaintiff is seeking the right to assign the contract in the face of a clear contract provision and the clear law which prevents assignments of personal service contracts, there is no merit in the complaint and the complaint for declaratory relief to establish a right of assignment is dismissed with prejudice. This order is without prejudice to the plaintiff to file any other cause of action.

It is therefore ordered that defendant's motion to dismiss the complaint is granted and the complaint shall be dismissed with prejudice as to any action for declaratory relief but without prejudice as to any other bona fide cause of action which the plaintiff wishes to bring. For purposes of any such new pleading, the plaintiff is granted ten days to file an amended complaint and, upon failure to file an amended complaint by 5 P. M. of the last day

under this deadline, the complaint shall stand dismissed with prejudice and this order shall stand as a final judgment for the defendant and against the plaintiff.

*Final order of dismissal, September 8, 1975:* This cause was before the court on August 18, 1975 for hearing on the defendant's motion to dismiss. At that time the court indicated its tentative ruling for the defendant but withheld entry of a final order for the sole purpose of allowing plaintiff's counsel to submit additional authorities and to rebut authorities cited by defendant's counsel. On August 25, 1975 this court entered its order dismissing the complaint and allowing 10 days in which to file an amended complaint stating some cause of action other than an action for declaratory relief.

The ten day deadline for the filing of such amended complaint in compliance with the court's order has now elapsed and the plaintiff has failed to file an amended complaint in compliance with the court's order.

It is therefore ordered that this cause stand dismissed with prejudice, and final judgment is entered for the defendant, Knight-Ridder Newspapers, Inc., d/b/a the Miami Herald Publishing Company and against the plaintiff, William R. Mayo, the defendant to go hence without day.