85 So.2d 630 (1956)
Tom BARRETT, Petitioner,
v.
Sam PICKARD and Francke Palmer Pickard, his wife, Respondents.
Supreme Court of Florida. Special Division A.
February 22, 1956.
Mann, Harrison, Roney, Mann & Masterson and McKinney Barton, St. Petersburg, for petitioner.
M.C. Scofield, Inverness, for respondents.
O'CONNELL, Justice.
This is a petition for certiorari directed to an order entered in the Circuit Court, Fifth Judicial Circuit, Citrus County.
*631 The pleadings in the lower court and the briefs of the parties reflect that they, plaintiffs below, the respondents here, as lessors and owners did on or about October 11, 1954 lease certain lands, improvements, furnishings and equipment to the defendant below, the petitioner here, as lessee, for a term ending September 30, 1955, rental to be paid by lessee on a percentage of gross receipts from the operation of the leased premises, plus a provision for division of net profits under certain circumstances. The premises demised consisted of rental units and a restaurant known as Paradise Point Villas and Port Paradise Hotel. It further appears that the lessee did not have sufficient monies for operating capital and that lessors advanced $2,000 in cash and $950 in merchandise and that lessee executed two notes for these sums. Lessee operated said premises until February 19, 1955, on which date lessors delivered to lessee a letter in which lessors informed him that "You are temporarily relieved from the direct management of the Paradise Point Villas and Port Paradise Hotel until we can have a meeting to interpret the terms of our contract." Lessors further stated in said letter that "I temporarily assume responsibilities of the inventory and cash on hand as of 4:00 P.M., Saturday, February 19th." The lessee apparently allowed lessors to take possession of the demised premises on the date set in said letter.
On March 20, 1955 the respondents filed a bill of complaint in the court below against the lessee, praying that the court "Enter a Declaratory Decree or Judgment and adjudicate the rights, status and equitable and legal relations between the parties to this suit * * * and the plaintiffs pray for an[y] additional alternative, coercive, subsequent, or supplemental relief which the parties to this suit are entitled to under a construction of the instrument attached to this complaint, marked `Exhibit A' and likewise all of the surrounding facts, * *" There was attached to the bill of complaint as Exhibit A a copy of lease, which copy of lease defendants admit in their answer to be a copy of the lease executed and delivered by and between the parties.
To the bill of complaint filed by respondents the petitioner filed an answer in which he incorporated a motion to dismiss and a counterclaim. The respondents filed a motion to strike counterclaim. On October 12, 1955, but as of August 19, 1955 nunc pro tunc, the petitioner filed a motion to transfer the cause to the law side of the court.
The Circuit Court on hearing denied defendant's motion to dismiss the bill of complaint, granted the plaintiffs' motion to strike defendant's counterclaim and denied defendant's motion to transfer the cause to the law side of the court.
The petitioner complains that the Circuit Court erred on two grounds: 1. In denying defendant's motion to transfer the cause to the law side of the court. 2. In granting plaintiffs' motion to strike defendant's counterclaim.
It should first be said that it appears to us that the terms of the lease between the parties are clear and unambiguous, nor do the plaintiffs in the bill of complaint allege with any particularity what doubt exists as to their rights or status or which terms of the lease cause them to be in doubt as to their rights, status or relationship with the defendant. No sufficient allegations are made in the complaint which would indicate that the parties abandoned or modified the written lease agreement.
The real dispute between the parties appears to be who breached the lease first, the amount of damages due for the breach, and the amounts due for rent and other sums required to be paid by the respective parties under the terms of the lease.
This Court has said before that doubt, because of disputed questions of fact alone, is not sufficient to make available to litigants the provisions of the Declaratory Judgments Act, F.S.A. § 87.01 et seq. Halpert v. Oleksy (Fla.), 65 So.2d 762, and cases cited therein.
We find no questions of doubt as to the rights of the parties set forth by the pleadings and the record, such as should enable the plaintiffs below to proceed under *632 the Declaratory Judgments Act and are of the opinion, therefore, that the court below should have granted the defendant's motion to transfer this cause to the law side of the court.
It is apparent to us from the pleadings that the claim asserted by defendant in his counterclaim arose out of the transaction or occurrence that is the subject matter of the action initiated by plaintiffs. The claim did not require the presence of third parties for its adjudication. We must conclude that it was a compulsory counterclaim under our construction of Florida Rules of Civil Procedure, Rule 1.13, Vol. 30 F.S.A. The counterclaim stated a cause of action. It was error to strike it.
The petition for certiorari is granted. Those portions of the order attacked are quashed. The cause is remanded for entry of a proper order in conformity with this opinion.
DREW, C.J., and TERRELL and HOBSON, JJ., concur.