BARNS, PAUL, Associate Judge.
Appellant-plaintiff as the Board of County Commissioners of DeSoto County by its complaint alleges that the defendant-ap-pellee, DeSoto Ranch, Inc., owns land on Baldwin Road; that Baldwin Road is a county road of DeSoto County which was constructed pursuant to a resolution of the County Commissioners passed in 1927 and has been maintained by the county continuously since then; that recently the appellee-defendant DeSoto Ranch, Inc., has placed a locked gate across Baldwin Road and that such act of DeSoto Ranch, Inc., “throws doubts on plaintiff’s rights” in relation to the road; wherefore plaintiff-appellant Board of County Commissioners pray that the court “ascertain fact presently uncertain and declare such fact of ownership” of Baldwin Road in.the county. It is not clear whether the county , claims a common law prescriptive right or a statutory prescriptive right, (section 337.31, F.S.A.) or both.
The lower court sustained the motion of DeSoto Ranch, Inc., to dismiss the complaint for failure to state a cause of action and dismissed it with prejudice, whereupon plaintiff appealed. Error not having made to appear, we affirm.
To give standing to a plaintiff to maintain an action for a declaratory decree he must show doubts, insecurity or uncertainty as to his claim, interest or duty, inherent in the facts and circumstances of his position in relation to the interest of others, who may have an interest in contesting it; or the doubts, insecurity and uncertainty of his claim, interest or duty may arise from the claim, interest, rights or acts of his adversary when in fact the plaintiff’s state of mind or attitude is positive and certain; yet the relative rights, claims or acts of others may create doubts, uncertainty and insecurity from which peril he ought to be relieved by a judicial determination of his relative status in order that he may act free of the hazard of being mistaken as to his relative status; such is the purpose of a declaratory judgment or decree. Borchard, Declaratory Judgments (2d ed. 1941) 6, 28, 36, 39, 444, 135, 160, 170, 189, 930, 931, 937, 1005, 1017. Doubts, uncertainty or insecurity as a basis for a declaratory decree must arise from the facts and cir cumstances creating them and not merely from the state of mind or attitude of the plaintiff. Borchard, Declaratory Judgments (2d ed. 1941) 477, 927-928.
The statutory basis upon which the action was commenced seems to be section 87.01, F.S.A., which provides that “The circuit courts may render declaratory decrees, judgments or orders as to the existence, or nonexistence:
“(1) Of any immunity, power, privilege or right; or
“(2) Of any fact upon which the existence or nonexistence of such im *495 munity, power, privilege or right does or may depend *' *
Section 87.01, F.S.A. supra provides that the court “may” render declaratory decrees under the circumstances stated; this permissive provision authorized the court to exercise discretion in passing on defendant’s motion to dismiss, i. e., sound judicial discretion. The declaratory judgment statute is remedial and should be liberally construed so as to advance the remedy, but with limitations.
6 Moore’s Federal Practice (2d ed.) 3028 sec. ,57.08[1] on the question of discretion relating to summary judgments states:
“Professor Borchard has stated:
“ ‘The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and' settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy 'giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed.
“ ‘Borchard, Declaratory Judgments (2d ed 1941) 299. Cited with approval in Aetna Casualty & Surety Co. v. Quarles (CCA4th, 1937) 92 F.2d 321; Samuel Goldwyn, Inc. v. United Artists Corporation (CCA3d, 1940) 113 F.2d 703; Metropolitan Life Ins. Co. v. Hobeika (ED SC 1938) 23 F.Supp 1; American Casualty Co. of Reading, Pa. v. Howard (CA3d, 1949) 173 F.2d 924.’
“To the same effect is the statement of Judge Biggs in Samuel Goldwyn, Inc. v. United Artists Corporation:
“ ‘One point remains for determination. * * * should the court below in the sound exercise of its discretion have dismissed the amended complaint ? The discretion to grant or refuse declaratory relief as was stated in Automotive Equipment, Inc. v. Trico Products Corporation, D.C., 11 F.Supp. 292, 295, “ * * * is a judicial discretion and must find its basis in good reason.” For this reason it is subject to appellate review in proper cases. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 324. The criteria must always be whether a declaratory judgment will clarify and settle the legal relations in issue and whether such a declaration will afford relief from the uncertainty and controversy giving rise to the proceeding. See Borchard, Declaratory Judgments, * * * >
“ ‘(CCA3d, 1940), 113 F.2d 703, 709.’ ”
Moore (ib. page 3032) states further that “Where the fact that in the future another action might be instituted, which would involve the same issues, is not alone sufficient reason to ground a denial of declaratory relief. Where, however, the other remedy would be a more effective or appropriate remedy, the court may properly decline to assume jurisdiction in the declaratory action.”. And our Supreme Court per Mr. Justice Hobson in Bowden v. Seaboard Airline R.R. Co., Fla., 47 So.2d 786, 787, held that a declaratory decree may be refused where another normal appropriate remedy is available and adequate.
It does not appear reasonably certain that to render a declaratory decree would settle the legal relation in issue or will terminate the controversy and even, if so, the normal appropriate remedy by injunction is more appropriate and adequate and may afford more effective relief.
It is our conclusion that the Chancellor did not abuse his discretion in dismissing the complaint seeking a declaratory decree.
Affirmed.
KANNER, Acting C. J., and SMITH, J., concur.