PER CURIAM.
Plaintiff appeals an order in chancery which granted defendants’ motion to dismiss the amended complaint seeking declaratory and other relief and dismissing the cause without prejudice to pursue any Tights that it might have at law.
The action arose from a lease dispute. Appeal was taken from the following order:
“This cause was presented on Defendants’ Motion to-Dismiss Plaintiff’s Amended Complaint. Plaintiff seeks a declaratory decree determining the rights of the parties herein, under a •certain lease, copy of which is attached to the original Complaint. Plaintiff, alleges that it is in doubt as to its rights under the lease, and that it should not be put in .peril by. being forced to terminate and move, off the premises in question, before appealing to a Court, to construe the rights of the parties as these rights may be controlled by the terms of said-lease.
“Attached to -the Complaint and made a part thereof is a letter from Plaintiff to Defendants,- wherein Plaintiff exercises an option to declare the lease terminated. The option provision in the lease is clear, providing that should Defendant violate the terms of the lease the Plaintiff shall have one of two options set forth therein. The terms of the lease seem to be clear and unambiguous, and the real dispute between the parties appears to be, as to who breached the lease, the option exercised by the Plaintiff and the amount of damages due, if any. No facts are alleged, stating what particular rights are in doubt, and, as a matter of fact, Plaintiff appeared to be in no doubt by exercising one of the clearly stated options. It would seem that the Plaintiff seeks legal advice from the Court as to the exercise of the option. The Court concludes that this action is not a proper one for declaratory relief. (See May vs. Holly [Holley], [Fla.], 59 So. 2d 636, Halpert vs. Oleksy [Fla.], 65 So.2d 762, and Barrett vs. Pickard [Fla.], 85 So.2d 630) It is thereupon
“ORDERED AND DECREED that Defendants’ Motion to Dismiss Plaintiff’s Amended Complaint be and the same is hereby granted and this cause *88 is dismissed without prejudice to Plaintiff to pursue any rights at Law that it might have.” (Emphasis added.)
The sole question on appeal is whether or not the chancellor erred in dismissing the amended complaint. We find no error and affirm. The plaintiff did not allege the existence of any doubt as to the provision of the lease under which it had exercised its option to declare the lease terminated and to the contrary plaintiff alleged that it had in fact declared the lease terminated pursuant to the option. The termination of the lease leaves the only real dispute between the parties to be who breached the lease first, the amount of damages due for the breach and the amount due for rent. These issues are, in the absence of allegations of special circumstance showing equity jurisdiction, ordinary issues to be resolved in an action at law. Barrett v. Pickard, Fla.1956, 85 So.2d 630.
Affirmed.
SMITH, C. J., and SHANNON and WHITE, TT., concur.