177 So.2d 769 (1965)
M & E LAND COMPANY, a corporation, d/b/a Fox Drive-In Theatre, H.B. Meiselman, and Pine Drive-In Theatres, Inc., a corporation, Appellants,
v.
David SIEGEL, Appellee.
No. G-104.
District Court of Appeal of Florida. First District.
August 10, 1965.
*770 Kurz, Toole, Maness & Martin, Jacksonville, for appellants.
Floyd G. Yeager, Jacksonville, for appellee.
RAWLS, Chief Judge.
Appellee David Siegel, Plaintiff in the trial court, by his amended complaint in chancery seeking a declaratory decree against appellants M & E Land Company, et al., alleged in substance that: He had leased to defendants M & E Land Company and H.B. Meiselman certain personal property described as a fifty foot by one hundred twenty foot screen tower for a total rental of $27,000.00, payable by an advance rental of $5,000.00 at the time of execution and delivery of the lease agreement and thereafter a rental of $500.00 per month, and by the terms of the lease he granted to defendants the option to purchase, in the event of no default on their part, at the end of 36 months for the purchase price of $4,000.00; defendants M & E Land Company and H.B. Meiselman had not paid the $5,000.00 nor any of the monthly rentals of $500.00 as of the date of the filing of the amended complaint (March 23, 1964); plaintiff cancelled the said lease agreement by reason of the default of the defendants and made demand upon them to allow him to enter upon the property pursuant to the provisions of paragraph 4 of said lease agreement; and defendants have refused to allow plaintiff and his employees to enter upon the real property described for the purpose of removing the said screen tower. The crux of plaintiff's allegations are contained in paragraph 6 of his amended complaint, the same being:
"6. That, by reason of the acts of the Defendants and the Lease Agreement made a part hereof, Plaintiff is in doubt as to whether or not he and his employees can enter the property of the defendants, M & E LAND COMPANY, a corporation, d/b/a Fox Drive-In Theatre, and PINE DRIVE-IN THEATRES, INC., a corporation, and remove the said screen tower, as described in the said Lease Agreement, without being guilty of trespass or any criminal act, or the incurring of any obligation on the Plaintiff's part for the removal of said screen tower."
The chancellor, after denying defendants' motion to dismiss, and after considering further pleadings, tried the cause upon the merits and entered a final decree in which he found that the court had jurisdiction of the parties and the subject matter and that Siegel had the right to enter the described property and retake possession of the screen tower without interference from any of the defendants.
By this appeal appellants present their primary point: Where the lease agreement provides in clear and unambiguous language that in the event of default the lessor shall at all times have the right to enter and retake possession of the leased property without interference from the lessee, is the allegation of a default and a refusal of the lessee to permit the lessor to enter and retake possession a sufficient showing of "doubt" as to lessor's rights to state a cause of action for declaratory decree under Chapter 87 of the Florida Statutes, F.S.A.?
We are of the opinion that the amended complaint failed to allege a cause of action for declaratory decree under Chapter 87 of the Florida Statutes, F.S.A.
*771 Much has been written by the appellate courts in construing Chapter 87, and it is noted at the outset that the courts, with legislative prodding, have been increasingly generous in sustaining complaints predicated upon this Chapter. Mr. Justice Terrell, speaking for the Supreme Court in the landmark case of Ready v. Safeway Rock Co.,[1] cleared the ground for utilizing this new tool when he stated: "Viewed in its proper perspective, the Declaratory Judgments Act is nothing more than a legislative attempt to extend procedural remedies to comprehend relief in cases where technical or social advances have tended to obscure or place in doubt one's rights, immunities, status or privileges" and that the statute "* * * should be construed to aid those who have a meritorious cause rather than to provide a way of escape for those who would be adversely affected." However, in the subsequent case of Deen v. Weaver,[2] Mr. Justice Terrell in affirming the dismissal of a declaratory decree suit involving a claim of a realtor's commission by plaintiff, stated:
"The rule is settled that the Declaratory Judgments Statute cannot be employed to point out the procedure for an attorney to follow to litigate a case like this. Bagwell v. Woodward Iron Company, 236 Ala. 668, 184 So. 692; Pennsylvania Casualty Co. v. Thornton, D.C., 61 F. Supp. 753, 1 C.J.S., Actions, § 18, p. 120 (1950 Cum. Pocket Part). Even if the method of procedure could be indicated, the merits of petitioner's claim involve purely common law considerations that could not be reached in a declaratory judgments proceeding."
Siegel does not allege any doubt as to the provisions of his contract. The net effect of his complaint is that appellants owe him a stated sum of money, which they refuse to pay and due to this default, he is entitled to go upon their land and retake his personal property. There is no doubt in his mind that he is entitled to possession of his movie screen; his only doubt is how to get possession of same. By resorting to a declaratory relief action he ignores the traditional routes of judicial relief that might be available to him, such as, the law action of replevin or a bill for injunctive relief in equity. And by so doing he escapes the posting of bond which is requisite in such cases.
The appellate courts of this state have settled the question that such a suit will not lie. In the landmark case of Columbia Casualty Co. v. Zimmerman,[3] our Supreme Court in affirming the dismissal of a suit brought pursuant to Chapter 87 held that:
"The complaint in this case shows on its face that there is no doubt as to the meaning of the contract. The only doubt which is shown to exist is whether or not the automobile was being driven with, or without, the knowledge and consent of the insured. This is not a doubt as to the meaning of the contract or as to the proper interpretation of the contract."
The Third District Court of Appeal, speaking through Carroll, J., in reversing the chancellor for entertaining a suit upon substantially the same facts as appeared in Columbia Casualty, quoted with approval the following statement from the Columbia Casualty opinion:[4]

*772 "The complaint in this case shows on its fact that there is no doubt as to the meaning of the contract. The only doubt which is shown to exist is whether or not the automobile was being driven with, or without, the knowledge and consent of the insured. This is not a doubt as to the meaning of the contract or as to the proper interpretation of the contract. It is simply a doubt as to what will be the ultimate outcome of a consideration of the facts bearing on the question of whether or not the automobile was being driven with the knowledge and consent of the insured."
We are not here concerned with a complaint presenting a bona fide question as to the proper construction of a contract "with respect to any act not yet done or any event which has not yet happened" as contemplated by Section 87.05, as was the situation in Platt v. General Development Corporation[5] and Jackson Tom, Inc. v. Carlton.[6] Justice Roberts stated the rule applicable here in Florida Hotel & Restaurant Commission v. Marseilles Hotel Co.,[7] when he stated:
"To be entitled to such relief, the moving party must show a doubt as to the existence or nonexistence of some right, status, immunity, power or privilege. Bryant v. Gray, Fla., 1954, 70 So.2d 581. No such doubt is alleged, and it is clear that the real and only purpose of the suit was to enjoin the hearing on the Rule to Show Cause. This court `cannot permit an unauthorized extension of the Declaratory Decree Statute to a point where it might be substituted for another normally appropriate action in the absence of a bona fide foundation for a declaratory decree as contemplated by Sec. 87, Florida Statutes, 1941, F.S.A.' Bowden v. Seaboard Air Line R. Co., Fla. 1950, 47 So.2d 786, 787."
And to like effect was the statement of Justice O'Connell in Barrett v. Pickard,[8] viz.:
"This Court has said before that doubt, because of disputed questions of fact alone, is not sufficient to make available to litigants the provisions of the Declaratory Judgments Act, F.S.A. § 87.01 et seq. Halpert v. Oleksy (Fla.), 65 So.2d 762, and cases cited therein."
The Supreme Court reiterated this principal in Florida National Bank v. Pugh.[9] There a complaint for declaratory decree filed by Pugh sought construction of two wills of a decedent and a promissory note payable to said decedent. Pugh was one of the makers of the note. The chancellor denied a motion to dismiss, holding the complaint susceptible of stating a cause of action based upon Pugh's claim that no consideration existed for the execution of the note. The Supreme Court in directing the chancellor to dismiss the complaint held that since the promissory note was in conventional form, no reason was apparent for the existence of any doubt, and in the event suit was brought on it, Pugh would have available to him any defenses he might see fit to proffer. In so holding, the court again quoted from Columbia Casualty that "The complaint in this case shows on its face that there is no doubt as to the meaning of the contract."
*773 Finally, Siegel argues the elements of a declaratory judgment action as set out in 9 Fla.Jur., Declaratory Actions, Sec. 8, page 552, from which he copies the six elements stated therein necessary for stating a cause of action in a proceeding seeking declaratory relief. We need be concerned only with the first element so cited, viz.: "(1) That there is a bona fide, actual, present practical need for the declaration."
Risking redundancy, we repeat that the instant complaint alleges in substance: He owes me money and will not pay. My contract says I can go get my property. How can I do it? As stated by Sturgis, J., of this court in Mayes Printing Co. v. Flowers:[10]
"In a general sense every judgment or decree is declaratory of the rights of litigants. The special objectives of Chapter 87 should not be perverted by permitting it to be used as a catch-all for any type of proceeding at law or in equity." (Emphasis supplied.)
And as stated by Justice Sebring in Stark v. Marshall:[11]
"`Although our Declaratory Decree Act is broad in its scope and should be liberally construed in order to effectuate its purpose, it was never intended that it should supplant all other types of civil procedure known to our jurisprudence.'" (Emphasis supplied.)
The decree is reversed and the cause is remanded with directions to dismiss the complaint without prejudice.
STURGIS, J., concurs.
WIGGINTON, J., dissents.
WIGGINTON, Judge (dissenting).
The question presented for decision is the propriety of the action by which appellee sought a declaratory decree under F.S. Chapter 87, F.S.A. It is appellants' contention that the allegations of the complaint fail to allege facts sufficient to activate the court's jurisdiction to render a declaratory decree under the mentioned statute, and for this reason the court erred in denying the motion of appellants to dismiss the complaint.
By his amended complaint appellee alleges that on a date specified he entered into a written lease with appellants by the terms of which he agreed to rent to appellants a screen tower fifty feet high and one hundred twenty feet wide to be constructed on appellants' real estate and used in connection with appellants' operation of their outdoor motion picture theater. A copy of the lease agreement is attached to the complaint and provides that appellants will pay appellee as rental certain stipulated sums of money on the various dates specifically set forth therein. The agreement contains an option whereby appellants may purchase the screen tower at the termination of the lease for a stated amount. Paragraph 4 of the agreement provides that time is of the essence and in event of default by the lessee, the lessor will have the right at all times to enter upon the property of the lessee and retake possession of the personal property thereby leased without interference by the lessee, its successors or assigns. The complaint further alleges that although possession of the leased property was delivered to appellant lessees, the latter have failed to pay upon demand any of the monthly installments of rent as provided by the lease. After declaring appellants to be in default under the agreement, appellee made demand for permission to enter upon the real estate owned by them and to remove therefrom the above-described screen tower in accordance with the provisions of the agreement, which demand was refused by appellants, their agents and employees. The complaint alleges that by reason of appellants' refusal to permit appellee to remove the leased personal property in accordance with *774 the terms of their written agreement, appellee is in doubt as to whether he can enter upon the real estate of appellants and remove the personal property owned by him without being guilty of trespass or other criminal act, or without incurring other obligations to appellants. The complaint prays for a decree declaring whether appellee may lawfully enter upon the real estate of appellants and remove the personal property located thereon which is the subject matter of the lease agreement between the parties. No other relief is asked or prayed for by appellee.
After denial of their respective motions to dismiss the amended complaint, appellants filed their answer in which they allege that the written agreement between the parties was never intended to be a lease contract, but was merely a device executed for the accommodation of the appellee to assist him in borrowing needed capital for his business; that subsequent to the execution of the alleged lease, the parties entered into an agreement which appellants have performed and by which all obligations, both monetary and otherwise, owed to appellee were satisfied and discharged; that there was either a partial or complete failure of consideration for the alleged lease agreement as a result of which it is void and of no effect; and, that the screen tower described in the alleged lease agreement is not in fact personal property but is a fixture attached to and forming a part of the real estate and therefore not subject to removal by appellee under the terms of the alleged lease agreement.
After hearing approximately forty hours of testimony which, together with other evidence submitted by the parties, was carefully considered by the chancellor, he rendered a memorandum containing findings and conclusions and by which he held in favor of appellee and against appellants on each and every of the issues raised by the pleadings. The chancellor found that appellee had established his entitlement to the relief prayed in his amended complaint; that he has a right under the terms of the lease agreement to enter upon the real estate of appellants and retake possession of the screen tower located thereon, which action shall be without interference by the appellants, their successors or assigns.
It appears to be appellants' position that the lease agreement entered into between the parties contains terms and provisions which are clear, unequivocal, unambiguous, and free from doubt as to their import or meaning. Appellants urge that because of this, appellee cannot sustain the allegations of his complaint which aver that he is in doubt as to his rights, privileges and immunities under the terms of the agreement to such a degree as entitle him to a declaration of rights under F.S. Chapter 87, F.S.A. Appellants argue that by his suit appellee is asking for nothing more than legal advice from the court, a service to which he is not entitled. In support of their position appellants cite the concurring opinion in the decision of the Supreme Court rendered in the case of Ready v. Safeway Rock Co.[1] and Columbia Casualty Co. v. Zimmerman.[2]
While it is true that the terms and provisions of the lease agreement entered into between the parties are clear, unequivocal, unambiguous, and free from doubt, this fact does not necessarily foreclose appellee's right to seek a declaratory decree under F.S. Chapter 87, F.S.A. Appellee's right to maintain this action arises because of a genuine dispute which has arisen between the parties as to the existence or non-existence of appellee's rights, status, and other equitable or legal relations under the agreement. It is my view that the controversy arises from extrinsic facts and is sufficient to activate the authority of the trial court to entertain the action, even though the terms and provisions of the alleged written agreement between the parties *775 are clear, unambiguous, and free from doubt.
In Jackson Tom, Inc. v. Carlton[3] a suit for declaratory decree was instituted for the purpose of securing a judicial declaration as to the rights of the plaintiff under a written agreement between it and the defendants. The terms of the agreement were clear, but it contained no provisions with respect to the exact manner in which certain phases of the transaction were to be handled. Because of such insufficiency, a controversy had arisen between the parties as to their rights, privileges, and immunities under the agreement. In holding that the plaintiff was entitled to maintain his action under F.S. Chapter 87, F.S.A. this Court said:
"* * * `the statute now under consideration declares that it is substantive and remedial whose purpose [it] is to settle and afford relief from insecurity and uncertainty with respect to rights, status and other equitable or legal relations; and is to be liberally administered and construed.'"
In the more recent case of Bacon v. Crespi[4] a controversy had arisen between the parties which created a doubt as to the rights of the plaintiff under a written contract entered into between the parties. The controversy arose despite the fact that the terms and provisions of the contract were clear and unambiguous. In reversing a decree of the trial court dismissing the complaint for failure to state a cause of action for declaratory relief under Chapter 87, the Third District Court of Appeal said:
"The mere fact that the contract is clear and unambiguous on its face does not prevent one from seeking a declaration of his rights under such contract where there exist extrinsic facts which would affect the clear and unambiguous language of the written agreement. Accord, Fraser v. Cohen, 1947, 159 Fla. 253, 31 So.2d 463, 467."
Finally, appellants make the point, and the majority opinion agrees, that there are other traditional remedies by which appellee could adequately enforce his rights, if any he has, under the alleged agreement between the parties by suit in replevin, for injunction, or in assumpsit for damages. Because of this, appellants urge that appellee should not be permitted to seek the aid of a court of equity in this action for declaratory decree. The force of this argument is refuted by the terms of the statute itself which provide:
"The existence of another adequate remedy shall not preclude a decree, judgment or order for declaratory relief. * * *"[5]
Upon consideration of the foregoing I conclude that the trial court did not commit error in entering the decree appealed, and its action should be affirmed.
NOTES
[1] Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808 (1946).
[2] Deen v. Weaver, 47 So.2d 539, 540 (Fla. 1950).
[3] Columbia Casualty Co. v. Zimmerman, 62 So.2d 338, 340 (Fla. 1952).
[4] State Farm Mutual Automobile Ins. Co. v. Couch, 167 So.2d 786 (Fla.App.3d, 1964). See also Johnson v. Atlantic Ins. Co., 155 So.2d 886 (Fla.App.3d, 1963) wherein it is stated: "It is apparent from the quoted portions of the complaint in this cause that not only did the plaintiff fail to allege a doubt or the need for the construction of the insurance policy or for the determination of its validity; but quite the contrary, it alleges facts precedent to a claimed injunction to prohibit the appellant, Johnson, from proceeding with the lawsuit. The complaint should have been dismissed upon the motion of the defendant."
[5] Platt v. General Development Corporation, 122 So.2d 48 (Fla.App.2d, 1960).
[6] Jackson Tom, Inc. v. Carlton, 133 So.2d 752 (Fla.App.1st, 1961).
[7] Florida Hotel and Restaurant Commission v. Marseilles Hotel Co., 84 So.2d 567 (Fla. 1956).
[8] Barrett v. Pickard, 85 So.2d 630 (Fla. 1956).
[9] Florida National Bank v. Pugh, 88 So.2d 284 (Fla. 1956).
[10] Mayes Printing Co. v. Flowers, 154 So.2d 859, 862 (Fla.App.1st, 1963).
[11] Stark v. Marshall, 67 So.2d 235 (Fla. 1953).
[1] Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808.
[2] Columbia Casualty Co. et al. v. Zimmerman et al., (Fla. 1952) 62 So.2d 338, 340.
[3] Jackson Tom, Inc. et al. v. Carlton et ux., (Fla.App. 1961) 133 So.2d 752.
[4] Bacon v. Crespi, (Fla.App. 1962) 141 So.2d 823.
[5] § 87.12, F.S.