BARKDULL, Judge.
By this appeal, the defendant in the trial court seeks review of a final decree rendered in a declaratory decree action. The sole point preserved for review was the jurisdiction of the trial court to entertain the declaratory decree proceedings.
The record on appeal reveals that the appellant insurance carrier issued a products liability policy to the áppellee, insur- *126 mg it against liability to third persons arising -out of the manufacture, sale, handling •or distribution of its products. The insured was engaged in the manufacturing and wholesaling of janitorial supplies, as indicated on the face of the policy. The policy and several endorsements specifically restricted the liability of the company to “Code 1173-Janitorial Supplyes rated as: .Stores-not food or drink N.O.C.” After issuance of the policy, while in the process of shipping certain of its supplies, some of the chemicals leaked out of containers on to other cargo of the transporter. After a claim had been made by the transporter against the insured, but prior to an action being instituted,[1] the company denied coverage upon the ground that the chemical being shipped by the insured was not a janitorial supply. Thereafter, the instant action was instituted to determine whether or not the chemical in question was in fact a janitorial supply. Following a hearing the chancellor found that it was and that the company would be liable under the terms of its policy, it having conceded in its answer that the policy was in full force and effect and did cover janitorial supplies. The appellant relies principally upon the authorities of: Bacon v. Crespi, Fla.App.1962, 141 So.2d 823; Burns v. Hartford Accident and Indemnity Company, Fla.App.1963, 157 So.2d 84; State Farm Mutual Automobile Insurance Company, Fla.App.1964, 167 So.2d 786.
We do not concur with the position of the appellant and distinguish the cited cases because they involve a factual situation arising subsequent to the issuance of the policy and a factual dispute between .a third party and the insured, whereas the instant case involves a factual dispute between the insured and the company relative to a term of the policy, to wit: janitorial •supplies. The facts tendered in evidence went to the issuance of the policy and coverage thereunder and not to subsequent events. The appellant contends that a chancery court cannot determine facts under a Chapter 87 proceedings. This clearly overlooks § 87.08, Fla.Stat., F.S.A., which provides for a determination of facts. The use of declaratory decree statutes to construe insurance policies concerned with the question of coverage is generally recognized throughout the Country. See: C. E. Carnes & Co. v. Employers’ Liability Assur. Corp., 5th Cir. 1939, 101 F.2d 739; Lessak v. Metropolitan Casualty Ins. Co. of N. Y., 1957, 168 Ohio St. 153, 153 N.E.2d 787; 9 Fla.Jur., Declaratory Actions, § 49; 16 Am.Jur., Declaratory Judgments, § 35; 26 C.J.S. Declaratory Judgments, § 63; 142 A.L.R. 69.
Therefore, the declaratory decree here under review is hereby affirmed.
Affirmed.

. During the progress of the declaratory decree action, the common law action was instituted and is being defended by the insurance company under a reservation of right See: Hawkeye Cas. Co. v. Stoker, 154 Neb. 466, 48 N.W.2d 623; Merchants Indemnity Corp. v. Eggleston, 37 N.J. 114, 179 A.2d 505; 18 Fla.Jur., Insurance, § 266.