ANDREWS, Judge.
The plaintiff, Robert S. Lyons, a practicing attorney in Fort Lauderdale, appeals an order of the trial court declining to enter declaratory decree. The order also transferred the cause to the court of record because the amount of the counterclaim of the defendant, Andre S. Capi, M.D., was below the jurisdictional amount upon which an action could be brought in the circuit court.
The plaintiff represented a party in a malpractice claim against a medical doctor. In connection with the preparation of said case the defendant here was subpoenaed for discovery deposition and later testified at the trial. The verdict at the trial was against the plaintiff in the malpractice suit; and the defendant here, upon failure to receive payment for his services, threatened suit against the plaintiff as attorney for the plaintiff in the malpractice suit for his fees in the amount of $175.00.
The plaintiff alleged as basis for jurisdiction the fact that the defendant doctor had threatened to sue him personally for the bill on the basis of an agreement between the Broward County Bar Association and the Broward County Medical Association that when doctors are engaged to testify in court the doctors are considered as having been engaged by the attorney who requested such service at the fee in accordance with an agreed fee schedule of the two associations for such services.
*910 The allegations of the complaint dealing with the agreement between the bar association and the medical association presented no justiciable issue which could be determined in this cause. Neither the bar association nor the medical association were parties. The complaint sought only a declaration of the plaintiff’s rights as it pertained to the defendant. The complaint therefore raised only issues pertaining to the claimed debtor-creditor relationship between the parties. The usual, normal and historic common law action is an appropriate, adequate and complete method of determining that issue and therefore the declaratory decree action was improper. See Florida Hotel and Restaurant Commission v. Marseilles Hotel Co., Fla.1956, 84 So.2d 567 and Garner v. De Soto Ranch, Inc., Fla.App.1963, 150 So.2d 493.
Affirmed.
SMITH, C. J., and WALDEN, J., concur.