200 So.2d 862 (1967)
Lillian Delores SWAIN, Appellant,
v.
RELIABLE INSURANCE COMPANY, and Service-First, Inc., Florida Corporations, Appellees.
No. 66-541.
District Court of Appeal of Florida. Third District.
June 27, 1967.
Rehearing Denied July 19, 1967.
*863 Joseph Rosenkrantz and Theodore M. Trushin, Miami Beach, for appellant.
Dean, Adams, George & Wood and David Willing, Jeanne Heyward, Miami, for appellees.
Before CHARLES CARROLL and SWANN, JJ., and KING, JAMES LAWRENCE, Associate Judge.
CHARLES CARROLL, Judge.
This appeal is by the plaintiff below from an order granting a motion of the defendant Reliable Insurance Company to dismiss the second amended complaint, and dismissing the cause with prejudice.
The suit was filed in equity, for a declaratory decree. By her second amended complaint the plaintiff alleged that through the defendant Service-First, Inc., she applied for and obtained an automobile liability indemnity insurance policy from the defendant Reliable Insurance Company; that as a result of an automobile accident thereafter she incurred a liability to another party, who filed suit thereon against her in the small claims court; that the insurer refused to defend that action as required by provisions of her insurance policy, and denied liability under the policy to pay any judgment in the action or her claims for medical expenses which were provided for in said policy. It was further alleged that the plaintiff had incurred reasonable attorney's fees for the defense of the action in the small claims court.
The plaintiff prayed for judgment declaring that "the defendants" were obligated to defend the suit in the small claims court, and for specific performance to require the insurer to so defend; that "the defendants" were liable for any judgment obtained against the plaintiff in the small claims court action; that defendants be directed to reimburse plaintiff for attorney fees incurred by her in that action; that defendants be required to file necessary notices of insurance coverage with the Insurance Commissioner; and "that defendants be required to pay said medical expenses incurred in said accident."
Though alleging as a conclusion that she was in doubt as to her rights under the policy, the amended complaint presented no facts or circumstances reflecting a doubt as to the meaning, interpretation or applicability of the policy or the coverage thereunder. Plaintiff alleged her purchase of the policy and attached a copy thereof, and alleged a breach of the contract. In our view the chancellor was eminently correct in rejecting the suit as one not authorized under Chapter 87, Fla. Stat., F.S.A. for declaratory judgment. Barrett v. Pickard, Fla. 1956, 85 So.2d 630; Halpert v. Oleksy, Fla. 1953, 65 So.2d 762; Columbia Casualty Co. v. Zimmerman, Fla. 1952, 62 So.2d 338; Burns v. Hartford Accident and Indemnity Company, Fla.App. 1963, 157 So.2d 84; State Farm Mutual Automobile Ins. Co. v. Couch, Fla. App. 1964, 167 So.2d 786; M & E Land Company v. Siegel, Fla.App. 1965, 177 So.2d 769.
We find merit in the appellant's contention that dismissal should not have been with prejudice. The point of inquiry is whether the second amended complaint stated facts upon which relief could be granted, other than that expressly prayed for. In dismissing the cause the chancellor concluded, and we agree, that no basis was shown for specific performance. If, as alleged, the insurer was guilty of breach of contract, by failure to defend the action brought against the plaintiff or to pay damage *864 claims asserted for medical expenses, etc., the plaintiff would have an adequate remedy at law for damages. However, the ultimate facts as to the items or amounts of damages claimed under the insurance contract were not set forth in the second amended complaint. That deficiency could have been cured by amendment. Therefore, the chancellor should have transferred the cause to the law side (of the circuit court or other law court suiting the jurisdictional amount claimed), or made the dismissal of the cause one without prejudice to proceed at law.
Accordingly we hold that the order of dismissal of the cause with prejudice should be modified to be a dismissal without prejudice, and as thus modified the order appealed from is affirmed.
Modified and affirmed.