202 So.2d 103 (1967)
J. Erwin GROOVER, Appellant,
v.
ADIV HOLDING COMPANY, a Florida Corporation, T.J. Bomar, Individually and As Trustee, and Helen G. Bomar, and Humble Oil & Refining Company, Appellees.
No. 66-967.
District Court of Appeal of Florida, Third District.
September 12, 1967.
*104 Pruitt & Pruitt, Miami, for appellant.
Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, for Adiv Holding Co., Forrest & Friedman, Miami, for Bomar, Carlton, Fields, Ward, Emmanuel, Smith & Cutler and Peter J. Winders, Tampa, for Humble Oil & Refining Co., appellees.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
SWANN, Judge.
The plaintiff, J.E. Groover, appeals from a final decree of dismissal of his second amended complaint for declaratory decree against the defendants, Adiv Holding Company, et al.
A final hearing was held on the issues raised by plaintiff's second amended complaint, as well as the undisposed motions and answers of the defendants. At its conclusion, the defendants moved for an involuntary dismissal under Rule 1.35(b), Florida Rules of Civil Procedure, 1965 Revision, 30 F.S.A. The chancellor dismissed the cause. In his final decree he made the findings that there was no justiciable issue; that the amended complaint and testimony were insufficient to entitle plaintiff to a declaratory decree, and that there was no bona fide dispute between the parties which presented a justiciable question.
Plaintiff's claim for reversal on appeal is directed solely to the question of whether the second amended complaint sufficiently stated a cause of action to entitle him to a declaratory decree. This does not appear, however, to have been the basis for the ruling by the chancellor. His ruling indicates that it was based on both the insufficiency of the complaint and the evidence offered by plaintiff in support thereof. See Rule 1.35(b), supra.
Even if we assume, without deciding, that the second amended complaint alleged sufficient factual allegations to withstand a motion to dismiss, we are then confronted with the question of whether upon the facts and the law the plaintiff has shown a right to relief after the presentation of his evidence.
The plaintiff alleged certain factual matters in his second amended complaint and offered evidence in support thereof. The factual issues alleged in his complaint for declaratory decree are to be tried and determined in the same manner as other issues of fact in other civil actions in the circuit court in which the proceeding is pending. Section 87.08, Florida Statutes F.S.A.; Bituminous Casualty Corp. v. B. & B. Chemical Co., Fla.App. 1965, 179 So.2d 125.
The plaintiff therefore has the burden of establishing the existence of a present, actual controversy,[1] as well as proving the material allegations of his second amended complaint. The chancellor found that the plaintiff had not carried the necessary burden of proof and dismissed this cause.
A chancellor's decision is presumed to be correct and his resolution of an issue tried on controverted and conflicting evidence should not be rejected on appeal unless based on a misapplication of law or shown by the record to be clearly wrong, against the manifest weight of evidence, or not supported by competent substantial *105 evidence. Marucci v. Linder, Fla. App. 1965, 177 So.2d 237; Gaer v. Gaer, Fla.App. 1964, 168 So.2d 789.
No error having been clearly demonstrated by the appellant, we affirm the final decree herein appealed.
Affirmed.
NOTES
[1] May v. Holley, Fla. 1952, 59 So.2d 636; M. & E. Land Co. v. Siegel, Fla.App. 1965, 177 So.2d 769; Hunt v. Smith, Fla.App. 1962, 137 So.2d 232; Grable v. Hillsborough County Port Authority, Fla.App. 1961, 132 So.2d 423; Colby v. Colby, Fla. App. 1960, 120 So.2d 797. See also Stephenson v. Stephenson, (7th Cir.1957), 249 F.2d 203.