PER CURIAM.
This is an action upon a contract in which the defendant agreed to sell certain land to the plaintiff. The chancellor found that the plaintiff failed to tender the balance of the contract purchase price which according to the contract was to be computed upon a price of $5,500 per net acre as established by a surety to be furnished by the seller. Final judgment was accordingly entered in favor of the defendant, and plaintiff appeals.
We think that the chancellor’s treatment of plaintiff’s complaint, styled as an action for declaratory relief, as in fact an action for specific performance of the contract was correct. Garner v. DeSoto Ranch, Inc., Fla.App.1963, 150 So.2d 493; Swain v. Reliable Insurance Company, Fla.App.1967, 200 So.2d 862; New Amsterdam Cas. Co. v. Intercity Supply Corp., Fla.App.1968, 212 So.2d 110.
Plaintiff argues that the chancellor erred in finding that he should have made a tender of the amount of the purchase price which he considered to be payable under the terms of the contract. He contends that he should not be required to make a tender only of what he believed to be the purchase price, and a tender would have been a vain and useless act because Grovpac, Inc. would not have accepted it. We cannot agree.
The basic dispute between the parties involved a discrepancy in two surveys of the property. Grovpac’s survey was completed on October 24, 1971 and showed a total of 18.62 acres. On October 28, Grov-pac communicated to plaintiff’s attorney that the closing date for the transaction would be November 3, 1971. The plaintiff then contacted defendant’s surveyor and obtained a recomputation of the acreage at 17.002 acres. The chancellor noted that the acreage was susceptible of ascertainment as of the date of closing, and he found that defendant had not acted unreasonably in setting the November 3 closing date.
Grovpac points out that the facts of this case are analogous to the case of Glave v. Brandlein, Fla.App.1967, 196 So.2d 780, in which the point on appeal was whether or not as a condition precedent to an action for specific performance of a land contract the purchaser must make a cash tender. The court therein recited the general rule as follows:
“As a condition precedent to specific performance the seeking purchaser must either pay the contract sum; tender it; establish that he is ready, willing and able to do so; or establish that he has been excused from so doing.”
We have concluded that the trial court was correct in determining that plaintiff *578 was obligated in this case to make a tender of the purchase price prior to bringing this action.
Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.