HENDRY, Judge.
The plaintiff in the trial court, appellant here, filed a complaint against the defendant-appellee seeking declaratory and in-junctive relief under a long-term lease agreement between the parties.
In the complaint, plaintiff alleged, inter alia, that two provisions of the lease had been breached by the defendant.
First, plaintiff alleged that paragraph one of the lease agreement had been violated. The provision reads as follows:
“The Lessee shall not lease nor sublet the premises or any part thereof without first obtaining the written consent of the Lessor and the Lessor agrees that it will not unreasonably withhold its consent to such assignment or subletting. . . . ”
Second, plaintiff averred that the defendant was in violation of paragraph 19(f) of the lease agreement which provides that the lessee agrees to the following:
“Not to permit the premises to be used so as to cause the premises to have a reputation as an immoral place.
Plaintiff contends that the defendant operates a pornographic movie theater and “a burlesque theater with naked ladies running about the stage. . . . ” It sought a declaration of its rights under the lease and/or injunctive relief to restrain the objectionable activity.
Following an evidentiary hearing, the trial court entered a final judgment which denied the plaintiff the relief which it sought, and this appeal followed.
The plaintiff-appellant urges that the trial court erred in holding that the defendant had not violated the lease by subletting the premises without written consent of the lessor (plaintiff) and also in holding that the plaintiff failed to carry its burden of proof that the defendant had violated paragraph 19(f) set forth above. We disagree.
*568 The trial judge in his final judgment found that the defendant had obtained the consent in writing from the plaintiff’s predecessor in interest, Sun Isles Plaza, Inc., to sublet the premises.
The evidence at trial indicated that the consent given to the defendant to sublet extended for the life of the lease so long as the defendant guaranteed payment of the rent and that the property would continue to be utilized as a movie theater. Further, the evidence showed that the property was sublet three times.
Assuming arguendo that the appellant is correct when it asserts that the written consent originally given does not obviate the need to subsequently obtain the lessor’s consent each time the property is sublet (See, 49 Am.Jur.2d, Landlord and Tenant § 498), we still do not think the appellant has demonstrated reversible error.
As we perceive the evidence, there was substantial competent proof adduced that the plaintiff waived the provision of the lease relative to written consent, and therefore is estopped to assert a breach of the lease. See Farmers’ Bank & Trust Co. v. Palms Pub. Co., 1923, 86 Fla. 371, 98 So. 143; Tropical Attractions, Inc. v. Coppinger, Fla.App.1966, 187 So.2d 395.
The record shows that Mr. Milton Sir-kin, the plaintiff’s president, was aware more than a month before his company purchased the lessor’s interest in the property of the possible existence of a sublease. In addition, the plaintiff accepted rental payments from the defendant for six or seven months following its acquisition of the lessor’s interest.
We also note that Mr. Sirkin himself viewed the movies in the defendant’s theater together with a girlie show held therein approximately two or three months after the Palm Corporation became the lessor. Yet, he accepted rent for another four or five months before he contends he became aware of the existence of a sublease.
With respect to the appellant’s contention that the court erred in concluding the plaintiff failed to prove paragraph 19(f) had been violated, we have determined that other than Mr. Sirkin’s testimony the record is lacking in competent proof bearing on the question of the defendant’s reputation as an immoral place.
We do not think that the appellant has made a satisfactory showing that the trial court as the finder of fact erred in concluding that it had not met its burden of proof.
Finally, we find little merit to appellant’s suggestion that the court erred in failing to declare its rights under the lease agreement. More specifically, appellant argues that the court should have interpreted at least the term “immoral place” as employed in the agreement.
We disagree because we do not think the appellant has shown that the court abused its discretion by not entering a declaratory decree under the circumstances of this case. See, 9A Fla.Jur. Declaratory Actions § 16; Garner v. De Soto Ranch, Inc., Fla.App. 1963, 150 So.2d 493. Moreover, the issues before the trial court were primarily factual in nature and required no declaratory treatment. See, Perez v. State Automobile Insurance Ass’n, Fla.App.1972, 270 So.2d 377; New Amsterdam Cas. Co. v. Intercity Supply Corp., Fla.App.1968, 212 So.2d 110.
Therefore, for the reasons stated and upon the authorities cited hereinabove, the judgment appealed is affirmed.
Affirmed.