399 So.2d 35 (1981)
Natalie KELNER, Melinda Kelner, Ann Kelner and John Kelner, Appellants,
v.
Woodrew W. WOODY and Anna Woody, His Wife, Hillcrest-by-the-Sea Associates, Inc., a Florida Corp., Jean Bigonesse and Yvette Bigonesse, His Wife; Jean Metivier; Jean Beauchemin; George Kousoulas; Claude Durivage and Theresa Durivage, His Wife; James Burke and Kathleen Burke, His Wife; Lucien Lauzon; Fritz Meyer and Elsie Meyer, His Wife; David Abraham and Sadie Abraham, His Wife; Herbert L. Carrel and Beverly Carrel, His Wife; Hector Echavarria and Nora Echavarria, His Wife; Vincent J. Errico and Carol A. Errico, His Wife; Louis Fortin and Georgeete Fortin, His Wife; Robert E. Kennedy and Cheryl A. Kennedy, His Wife; John W. Keeler and Helen B. Keeler, His Wife; Roger Lauzon and Anita Lauzon; William Matouk and Louise Matouk, His Wife; and William M.L. Matouk; Marcel Tessier; and Ahmad Saad and Faye Saad, His Wife, Appellees.
No. 80-1764.
District Court of Appeal of Florida, Third District.
May 19, 1981.
*36 Kelner & Kelner and Milton Kelner, Miami, for appellants.
Buchbinder & Elegant and Harris J. Buchbinder, Koppen & Watkins and George J. Lott, Miami, for appellees.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
PER CURIAM.
Appellants, the plaintiffs below, seek review of the trial court's dismissal of their third amended complaint for a declaratory decree against the appellees. Appellants, owners of land encumbered by two ninety-nine year leases, sought a declaration of their rights and status under the leases. Specifically, they sought to have the leases declared null and void.
The subject property, improved by two buildings containing twenty-four apartment units, devolved to the appellants by inheritance in 1972. Appellees Woody had previously acquired the leasehold interest in 1956, and in 1979 subleased this interest to appellee Hillcrest. The remaining appellees are individual owners of twenty-two of the twenty-four cooperative apartments.
*37 In their complaint, appellants cite numerous lease violations by all appellees. As a result of these violations, appellants notified the appellees that the leases were terminated and demanded possession in 1979 pursuant to the lease provision pertaining to default by the lessees. After the appellees failed and refused to surrender possession, appellants instituted this suit for declaratory judgment.[1]
The trial court's order dismissing appellants' third amended complaint provides, inter alia:
It is apparent to this Court that the Plaintiffs are seeking to terminate a lease based upon alleged breaches of the 99 year lease, but refuse to seek the proper remedy or to comply with previous orders of the Court holding that such an action may not be maintained by an action for Declaratory Judgment. See Mayes Printing Company v. Flowers, 154 So.2d 859 (Fla. 1st DCA 1963), M & E Land Company v. Siegel, 177 So.2d 769 (Fla. 1st DCA 1965).
The purpose of the declaratory judgment act is to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations, and is to be liberally construed, section 86.101, Florida Statutes (1979); however, the granting of such relief remains discretionary with the court, and not the right of a litigant as a matter of course. North Shore Bank v. Town of Surfside, 72 So.2d 659 (Fla. 1954); Palm Corporation v. 183rd Street Theatre Corp., 309 So.2d 566 (Fla. 3d DCA 1975); Garner v. De Soto Ranch, Inc., 150 So.2d 493 (Fla. 2d DCA), cert. denied, 156 So.2d 860 (Fla. 1963). The court's ruling is accorded great deference, and appellants have the burden of showing clear error for reversal. Groover v. Adiv Holding Co., 202 So.2d 103 (Fla.3d DCA 1967). Based upon this standard, we conclude that appellants have not demonstrated that the trial court abused its discretion in dismissing their complaint, and therefore affirm the decision.
To trigger jurisdiction under the declaratory judgment act, the moving party must show that he is in doubt as to the existence or nonexistence of some right or status, and that he is entitled to have such doubt removed. Halpert v. Oleksy, 65 So.2d 762 (Fla. 1953); Columbia Casualty Co. v. Zimmerman, 62 So.2d 338 (Fla. 1952); Flagship Real Estate Corp. v. Flagship Banks, Inc., 374 So.2d 1020 (Fla. 2d DCA 1979); Swain v. Reliable Insurance Co., 200 So.2d 862 (Fla. 3d DCA 1967). We agree with the trial court that the present case falls squarely within the rule of M & E Land Company v. Siegel, 177 So.2d 769 (Fla. 1st DCA 1965), where the court was faced with the following issue:
Where the lease agreement provides in clear and unambiguous language that in the event of default the lessor shall at all times have the right to enter and retake possession of the leased property without interference from the lessee, is the allegation of a default and a refusal of the lessee to permit the lessor to enter and retake possession a sufficient showing of "doubt" as to lessor's rights to state a cause of action for declaratory decree under Chapter 87 [now chapter 86] of the Florida Statutes, F.S.A.?
The court answered this query in the negative:
We are of the opinion that the amended complaint failed to allege a cause of action for declaratory decree under Chapter 87 of the Florida Statutes, F.S.A.
177 So.2d at 770. This reasoning applies to the instant case since the appellants have also alleged a default and a refusal by the lessees to allow them to retake possession. Although appellants have stated as a conclusion that they are in "doubt" as to their rights under the agreements, the amended complaint shows on its face that there is no doubt as to the meaning of the leases. Appellants have also failed to alleged the existence of any doubt as to the default clause of the agreements; to the contrary, they exercised their right to declare the lease terminated and demanded possession pursuant *38 to that provision. See Columbia Casualty Co. v. Zimmerman, supra; Broward Drug Stores, Inc. v. Perini Land & Development Co., 170 So.2d 86 (Fla.2d DCA 1964). Only after appellees refused to surrender possession did appellants become doubtful about their position  and doubts, uncertainty or insecurity as a basis for a declaratory decree must arise from the facts and circumstances creating them, and not merely from the state of mind or attitude of the movant. Garner v. De Soto Ranch, Inc., supra.
Appellants are actually seeking legal advice from the court as to the correct procedure to follow in litigating this case. The declaratory judgment act is not to be used as a tool to advise attorneys as to the proper path to pursue. May v. Holley, 59 So.2d 636 (Fla. 1952); Deen v. Weaver, 47 So.2d 539 (Fla. 1950). Nor is the act to be employed for the determination of purely factual issues under an instrument that is clear and unambiguous and presents no need for construction. Barrett v. Pickard, 85 So.2d 630 (Fla. 1956); Perez v. State Automobile Insurance Ass'n, 270 So.2d 377 (Fla. 3d DCA 1972); Burns v. Hartford Accident & Indemnity Co., 157 So.2d 84 (Fla. 3d DCA 1963). Sub judice, the lease agreements are quite explicit, and the only existing issue  whether appellees are in breach of the agreement  is factual in nature and properly determinable in an action at law. Moreover, although the existence of other remedies does not preclude declaratory judgment, section 86.111, Florida Statutes (1979), it does bear on the proper exercise of the court's discretion in granting such relief, and the court may decline to grant a declaratory decree where more appropriate redress is available. Stark v. Marshall, 67 So.2d 235 (Fla. 1953); Bowden v. Seaboard Air Line R.R. Co., 47 So.2d 786 (Fla. 1950); Lyons v. Capi, 188 So.2d 909 (Fla. 4th DCA 1966); Jacksonville Roofing Ass'n v. Local Union No. 435, 156 So.2d 416 (Fla. 1st DCA 1963), cert. denied, 162 So.2d 667 (Fla. 1964); Garner v. De Soto Ranch, Inc., supra. As we have pointed out, appellants may bring an action for breach of the lease agreements.
In short, we find that appellants are not really in doubt as to their rights under the leases; rather, appellants claim a default in said leases by the acts enumerated in the complaint and are simply uncertain as to what course of action they should employ to enforce their rights. Since the lease agreement is clear and unambiguous, leaving only factual issues to be resolved, declaratory relief is not available to appellants. We conclude, therefore, that the trial court did not err in dismissing appellants' complaint for failure to state a cause of action for declaratory judgment.
Affirmed.
NOTES
[1] Chap. 86, Florida Statutes (1979).