COBB, Judge.
This appeal concerns the basic issue of whether the appellants, CKN Airways, Inc., and John Ostgard, breached a lease agreement with Flagler County (hereinafter Fla-gler) relating to operation of the Flagler County Airport. Flagler sued for cancellation of the agreement and the eviction of CKN and Ostgard, who signed the lease as president of CKN and as an individual guarantor.
The action by Flagler was filed as a suit for declaratory judgment. It asserted that the defendants had breached the lease agreement by failing to present evidence of insurance for all periods during the lease, assigning an interest in the lease without Flagler’s prior approval, and subleasing a portion of the airport for non-aviation purposes.
CKN and Ostgard moved to dismiss on the ground that the complaint was not properly one for declaratory relief, since it did not seek an interpretation of provisions of the lease, but merely sought eviction based upon allegations of breach by the defendants. See Barrett v. Pickard, 85 So.2d 630 (Fla.1956); Halpert v. Olesky, 65 So.2d 762 (Fla.1953); Kelner v. Woody, 399 So.2d 35 (Fla. 3d DCA 1981). Although this contention was correct, the motions were properly denied because the complaint, although misnomered as one for declaratory relief, stated a cause of action for eviction. As such, this action would be one properly brought only in the county court.[1] However-, the defendants’ filing of counterclaims against Flagler seeking damages in excess of $5,000 prior to the filing of the motion to dismiss cured the circuit court’s jurisdictional problem.
CKN and Ostgard also contend on appeal that the trial judge erred in denying their demand for a jury trial. We agree. Following the non-jury trial, the circuit judge resolved various factual conflicts against the defendants, as indicated by the following language from the Final Judgment of Eviction:
L. The Court finds and determines that there was conflicting evidence as to the sufficiency and adequacy of the performance by the Defendants at the airport facility under the lease, but the credible and believable evidence persuades the Court that the Defendants failed to materially perform a substantial number of the functions of the Flagler County Airport and materially comply with the terms of the lease dated December 15, 1977 to the extent there is a material breach of the lease agreement. The cumulative effect of the various violations of the lease by the Defendants supports the Plaintiff’s right to terminate the lease.
The circuit court was in error in denying the repeated demands by the defendants for a jury trial on the various factual issues presented by the complaint and the counterclaims. See Wincast Assn., Inc. v. Hickey, 342 So.2d 77 (Fla.1977); Winter Garden Citrus Growers Assn., Inc. v. Willits, 113 Fla. 131, 151 So. 509 (1933); Kies v. Florida Ins. Guaranty Assn., Inc., 435 So.2d 410 (Fla. 5th DCA 1983); Goldbloom v. Kislak, 408 So.2d 748 (Fla. 3d DCA 1982); Olins, Inc. v. Avis, 131 So.2d 20 (Fla. 3d DCA 1961).
*1105 Accordingly, the judgment is reversed and the cause is remanded for jury trial.
REVERSED and REMANDED.
DAUKSCH and FRANK D. UP-CHURCH, Jr., JJ., concur.

. § 34.011(2), Fla.Stat. (1981).