ZEHMER, Judge.
Carolyn Faye Spink, as personal representative of the estate of Maxine Delores Merritt (decedent), appeals a final judgment dismissing her amended complaint against C.F. McConnell, M.D., the medical examiner for the first judicial circuit, for failure to state a cause of action. In the complaint appellant requested a declaratory decree finding that the probable cause of decedent’s death was not “suicide,” as appellee stated on decedent’s death certificate, but was “undetermined” or “accidental.” She alleged that investigating officers indicated that decedent’s cause of death was undetermined or accidental, and that decedent’s psychiatrist stated that decedent had no suicidal tendencies. She alleged that she and decedent’s heirs have suffered mental and emotional harm as a result of the statement on the death certificate and that the estate suffered irreparable damage and injury based on the suicide exclusion in decedent’s life insurance policies. As we perceive appellant’s purpose in filing this litigation, it is to correct an allegedly erroneous statement of the probable cause of death on the decedent’s death certificate.
*814 At the outset we note that appellant has an administrative remedy available to accomplish the purpose of this declaratory judgment action. The appellee medical examiner’s duties are governed by chapter 406, Florida Statutes. Specifically, his duties in respect to performing medical examinations or autopsies on deceased persons, and his duty to report and keep records of his findings regarding the cause of death when “established within reasonable medical certainty” are delineated in sections 406.11 and 406.13, Florida Statutes (1987). The medical examiner is an arm of the department of law enforcement. As such, he participates, as do other law enforcement officers, in the investigation into the causes of death of persons who die under the circumstances defined in the statute. While the medical examiner may, as a matter of practice, enter the probable cause of death on the “death certificate” required to be kept under chapter 382, the party responsible for the correctness of the information shown on the death certificates maintained under that chapter is the State Registrar, acting through duly appointed local registrars. See §§ 382.003, -.005, -.008, -.011, Fla.Stat. (1987). It follows that the registrar, rather than the local medical examiner, is the appropriate, if not the only, person authorized to make changes or corrections to a death certificate. The appropriate procedure for correcting items on a death certificate is provided in rules 10D-49.020 through 49.023, Florida Administrative Code. The amended complaint before us does not contain any allegation showing that this administrative remedy is unavailable or inadequate to accomplish appellant’s purposes. Accordingly, declaratory judgment under chapter 86 is not appropriate in this circumstance. See generally, Lewis Oil Co. v. Alachua County, 496 So.2d 184 (Fla. 1st DCA 1986); State ex rel. Dept. of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977).
It is axiomatic that a declaratory judgment is not appropriate where there is not a bona fide dispute between contending parties that presents a justiciable question. Bryant v. Gray, 70 So.2d 581 (Fla.1954). Appellant has not demonstrated the existence of a justiciable controversy between herself and appellee. She has not alleged that she has any right to compel the medical examiner to change his opinion expressed in his report or noted on the death certificate, nor has she cited any authority for the proposition that the lower court has the authority to order him to make such a change. The Declaratory Judgment Act may not be extended to a point where it might be substituted for another appropriate action in the absence of a bona fide foundation for a declaratory judgment. M & E Land Company v. Siegel, 177 So.2d 769 (Pla. 1st DCA 1965).
AFFIRMED.
SHIVERS and THOMPSON, JJ., concur.